Mary B. JACKSON *v.* Charles L. DANIELS,
Director of Labor, State of Arkansas
and DONOVAN'S INN

CA 79-205                                          590 S.W. 2d 63

October 31, 1979
Released for publication December 5, 1979

Appellant, *pro se*.

*Herrn Northcutt,* for appellees.

## PER CURIAM

The claimant has appealed from a decision of the Board of Review affirming the Appeal Tribunal of the Arkansas Employment Security Division which held that the claimant was ineligible for benefits under Section 5(a) of the Arkansas Security Law until she had thirty days of covered employment. The determination of the Appeal Tribunal was that the claimant voluntarily left her employment without good cause connected with the work.

The claimant had been employed at Dee Dee's Restaurant (now Donavan's Inn) and recently had become manager. In this position she had hired two employees. The restaurant was then acquired, unexpectedly it appears, by Mr. Ivan Rodenz.

On July 6, 1979, the claimant's employment terminated and she filed for unemployment benefits, giving as the reason for separation: "Laid off, lack of work." The response of the employer was that claimant "asked to be the first one laid off."

The claimant testified that, under the impression that the staff was to be reduced, she told Mr. Rodenz that if he needed to lay someone off, she hoped it would be her as she hated to see the two employees laid off whom she had so recently hired.

The employer testified that it was necessary to lay off "quite a few" and in answer to whether he would have retained the claimant had she not made the statement, he answered, "It is hard to say because it would have caused a little friction having them as managers for two days and then being replaced by somebody else, it would have been dif-

ficult for her to really put forth complete effort for me.''

On this testimony the Appeal Tribunal determined that claimant had voluntarily left her employment, stating that the Tribunal has consistently held that where a worker notifies his company that he wants to be laid off, he has, in effect, brought about his own separation.

We see an appreciable difference in an employee communicating directly to an employer that he wishes to be laid off and what occurred in this case.

Here the employee simply expressed the preference that if anyone was laid off, she hoped it would be her. This is hardly the same as a direct request to be laid off. Furthermore, in this claim it is admitted that a reduction in staff of at least three employees was necessitated at the decision of the employer. The fact that the claimant preferred to be one of them rather than those she had hired does not alter the underlying fact that her employment ended by reason of work reduction and not, as the Appeal Tribunal stated, for personal reasons.

Reversed with directions to enter the appropriate order awarding unemployment compensation to claimant as she may be eligible.