Carolyn RAINBOLT *v.* William F. EVERETT, Director
of Labor and FIRST NATIONAL BANK

E 81-107                                   621 S.W. 2d 877

Court of Appeals of Arkansas
Opinion delivered October 7, 1981

*David R. Goodson,* for appellant.

*Thelma Lorenzo,* for appellees.

JAMES R. COOPER, Judge. Originally the Agency denied appellant unemployment benefits on a finding that she voluntarily quit her last work in order to accompany her spouse to a new place of residence but did not immediately enter the job market and become available for suitable work. That decision was affirmed by the Appeals Tribunal and also affirmed by the Board of Review. The Board of Review, after a telephone call by appellant's attorney, set aside its original decision and allowed appellant to submit new evidence. Following submission of the new evidence in the form of a subscribed and sworn affidavit by appellant, the Board found that the additional evidence submitted did not change the original decision. It found that appellant did not make an immediate entry into the job market and was therefore disqualified from receiving benefits.

The testimony shows that the appellant filed a claim on December 22, 1980, indicating that her last day of work at the First National Bank in Paragould, Arkansas, was December 19, 1980. December 19, 1980, was a Friday, and the 22nd was a Monday. The Agency, Appeal Tribunal, and Board of Review specifically found that appellant did quit to accompany her spouse to a new place of residence, so that issue is not before us. The sole question involved is whether she immediately entered the labor market. It is uncontradicted that appellant did not attempt to find employment until January 5, 1981, but stated that her reason for not seeking employment earlier than that date was that the agency representative informed her that she did not have to do anything until after she saw a film concerning her unemployment benefits, which was to be shown to her on January

8, 1981. Appellant testified that she had applied for unemployment benefits four years earlier when her husband had been transferred and she had been denied benefits because she had not completed her unemployment forms. She testified that she asked the Agency representative twice whether there was anything she needed to do prior to January 8 because she was afraid of losing her benefits as she had earlier. She was assured both times, according to her testimony, that she need do nothing until January 8, 1981. She further testified that she was not told on either occasion that she needed to go out and look for a job prior to seeing the film.

The appellant submitted an affidavit which indicated that the employee of the Agency, Mr. Keith Johnson, initially indicated that he would sign a written statement confirming her version of what had happened in the office, but that after the affidavit was revised, he decided that he would not sign the affidavit. Mr. Johnson was not called as a witness nor has he signed any affidavit affirming or denying the allegations made by appellant.

In *Foote's Dixie Dandy, Inc.* v. *McHenry*, 270 Ark. 816, 607 S.W. 2d 323 (1980), the Arkansas Supreme Court held that although estoppel is not a defense that should be readily available against the State, it is not such a defense that should never be available. In that case, the Court held that the State was estopped from collecting additional assessment in unemployment insurance contributions by a corporation's reliance upon statements of a field auditor of the Employment Security Division. The case was remanded for proof as to whether or not the auditor did in fact make the statements attributed to him. In *Foote's*, the Arkansas Supreme Court quoted from *Gestuvo* v. *District Director of the United States Immigration and Naturalization Service*, 337 F. Supp. 1093 (C.D. Cal. 1971) as follows:

> Four elements are necessary: (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel had a right to believe it is so intended; (3) the latter must be ignorant of the true

facts; and (4) he must rely on the former's conduct to his injury.

In the instant case, all four elements are obviously present, and therefore we hold that the Employment Security Division may be estopped to deny that appellant made an immediate entry into the labor market because of the apparent representations of its agent. However, the State should be given the opportunity to submit evidence to rebut appellant's claim as to the information given her by the ESD representative. In the event no such evidence is presented, the Board is directed to enter an order finding that appellant did immediately enter the labor market. At the same time such a hearing is conducted before the Appeal Tribunal, the Agency is certainly free to consider the question of whether or not appellant has complied with the registration and reporting requirements under the Act and whether she is doing those things which a reasonably prudent individual would be expected to do to secure work during the period from January 8, 1981, to February 4, 1981, under the provisions of Ark. Stat. Ann. § 81-1105 (c) (Repl. 1976).

Although it is not relevant in this case, one other matter needs to be dealt with. At page 16 of appellant's brief, the case of *Johnson* v. *Everett*, Ark. App. #E-81-78, (Del. May 20, 1981), is cited and counsel candidly admits that the case was not designated for publication. Although it has not been a recurring problem, we wish to emphasize the provision of Rule 21 of the Rules of the Supreme Court and the Court of Appeals, paragraph 4, which states:

> Opinions of the Court of Appeals not designated for publication shall not be published in the official reports and shall not be cited, quoted, or referred to by any court or in any argument, brief, or other materials presented to any court (except in continuing or related litigation upon an issue such as res judicata, collateral estoppel, or law of the case) . . .

We recognize that there has been some confusion in earlier days as to which opinions may have been designated for publication and which were not, but with the present

52

system being used in the Advance Sheets counsel should have no difficulty in determining which cases may be cited and which may not. Under the provisions of the above referenced rule, such cases will not be considered as authority by this Court.

Reversed and remanded.

CORBIN, J., dissents.