Donald TERRY *v.* DIRECTOR OF LABOR and
FEATHER-LITE MANUFACTURING COMPANY

E 81-18                                                623 S.W. 2d 857

Court of Appeals of Arkansas
Opinion delivered November 18, 1981

*Jay Thomas Youngdahl* of *Youngdahl & Larrison,* for appellant.

*Thelma Lorenzo,* for appellees.

DONALD L. CORBIN, Judge. The Employment Security Division, Appeals Tribunal, found that appellant, Donald Terry, voluntarily left his last work when work was available in a type of employment with similar duties which he could have performed at a wage rate equal to or above the average wage for that type work in the community; and therefore, was disqualified from receiving benefits. The Board of Review affirmed that decision. We reverse.[1]

Appellant was employed by Feather-Lite Manufacturing Company for over 14 years prior to his separation on September 26, 1980. During the last ten years of his employment at Feather-Lite, appellant worked as a maintenance mechanic and his last wage rate was $6.80 per hour.

The employer initiated a reduction in the work force at the plant where appellant was employed. Appellant was given the option of being laid-off or taking one of two jobs available to him. The employer offered appellant work at $6.00 an hour either as an air tool repairman or oiler and greaser, both of which were in the maintenance department. The appellant chose to take the lay-off rather than the transfer.

We believe the case of *Jackson* v. *Daniels,* 267 Ark. 685, 590 S.W. 2d 63 (1979) to be controlling. In the *Jackson* case,

---

[1]Prior to the submission of this case to this court, appellant filed a motion seeking to supplement the record to include the collective bargaining agreement between the employer and the union. The motion was passed until the case was submitted. The collective bargaining agreement was not before the Board of Review and this Court denied appellant's motion on November 17, 1981 pursuant to Ark. Stat. Ann. § 81-1107 (d) (7) (Supp. 1981). Further, we do not consider the provisions of a collective bargaining agreement to be dispositive of this case.

the claimant had recently become manager of a restaurant and in that position had hired two employees. The restaurant was then acquired by a new owner who decided it was necessary to lay-off "quite a few" employees. The claimant testified that she told the employer that if he needed to lay someone off, she hoped it would be her as she hated to see two employees whom she had so recently hired laid off.

This court, in a per curiam decision, stated:

[I]n this claim it is admitted that a reduction in staff of at least three employees was necessitated at the decision of the employer. The fact that the claimant preferred to be one of them rather than those she had hired does not alter the underlying fact that her employment ended by reason of work reduction and not, as the Appeal Tribunal stated, for personal reasons.

In the instant case, the employee should not be penalized for taking the burden of being laid-off upon himself. The fact that the claimant preferred to be one of the employees subject to the lay-off does not alter the fact that his employment ended by reason of a work reduction instituted by the employer and not, as the Board of Review stated, for personal reasons. We find no substantial evidence to support the Board of Review's decision, and this case is reversed and remanded.

Reversed and remanded.

MAYFIELD, C.J., and COOPER, J., concur.

CLONINGER, J., dissents.

MELVIN MAYFIELD, Chief Judge, concurring. This concurrence is written in order to clarify what I understand to be the basis of the ruling of the court on both the motion and the merits involved in this case.

Our first problem was with a motion filed in this court by the claimant seeking to supplement the record to include a collective bargaining agreement between the employer and

the union. We passed the motion until the case was submitted and a large portion of claimant's brief is devoted to argument based on the agreement. While the appellees' brief replies to that argument, the brief, as did appellees' response to the motion, objects to our consideration of the agreement.

It is clear that we cannot consider matters outside the record. *Whitford v. Daniels,* 263 Ark. 222, 563 S.W. 2d 469 (1978). It is also clear that under Section 2 of Act 252 of 1979, Ark. Stat. Ann. § 81-1107 (d) (7) (Supp. 1981), we have no authority to receive evidence here that was not before the Board of Review. That section amended the Employment Security Act to provide for appeals from the Board of Review to the Court of Appeals and specifically provides: "no additional evidence shall be received by the court, but the court may order additional evidence to be taken before the Board of Review."

Therefore, we have denied appellant's motion to supplement the record and have not considered the claimant's argument which quotes from the collective bargaining agreement and which discusses reasons for and consequences of the making of this agreement.

The record, however, does contain the following evidence given in the hearing by the Appeal Tribunal:

Referee: Does the union contract say that if you're laid off, anything about taking a lesser paying job or what, does it give you the right to take the layoff instead of accepting the job?

Claimant: The way I understand it, if you don't have no work in your classification, you can take one.

. . . .

Claimant: And the air tool repairman would have been the one I'd had to take, because I was higher in seniority than the other fellow and it would have been on day shift and the other one would have been on swing shift.

The above evidence is therefore properly in the record and, when the record as a whole is considered, the case of *Jackson* v. *Daniels*, 267 Ark. 685, 590 S.W. 2d 63 (Ark. App. 1979) appears to be controlling.

COOPER, J., joins in this opinion.