Barbara FOUNTAIN *v.* William F. EVERETT,
Director of Labor, and BORG-WARNER

E 81-172                                623 S.W. 2d 861

Court of Appeals of Arkansas
Opinion delivered November 25, 1981

*Brent W. Martin,* for appellant.

*Carolyn Parham,* for appellees.

JAMES R. COOPER, Judge. In this Employment Security
Division case the Board of Review affirmed a decision of the
Appeals Tribunal which found that appellant voluntarily
quit her last work to accompany her spouse to a new place of
residence but did not immediately upon arrival enter the
labor market.

The appellant moved from Blytheville, Arkansas, to Gulfport, Mississippi to accompany her husband to their new place of residence. Appellant arrived in Mississippi on March 29, 1981. On March 31, 1981, she registered with the unemployment office in Mississippi. The appellant testified that employment office personnel informed her that her registration at the office could be used as a job contact for that week. This testimony was corroborated by a letter from an employee of the Employment Security Office in Mississippi which indicated that the appellant's failure to make other job contacts during her first week in Mississippi was due, at least in part, to the information she was given by the Mississippi office. The appellant further testified that, after her first week in Mississippi, she made two or three job contacts per week. This factual situation is similar to that in *Rainbolt* v. *Everett*, 3 Ark. App. 48, 621 S.W. 2d 877 (1981), where this Court held that the State of Arkansas through the Employment Security Division may be estopped to deny that appellant made immediate entry into the labor market because of the apparent representations of its agent. The Mississippi Employment Security Division was operating as the agent of the Arkansas Employment Security Division and we hold the action of the Employment Security Division of a sister state may estop the Arkansas Employment Security Division from denying benefits where misinformation was given to a claimant.

However, such a holding does not dispose of this case, since all that has been accomplished is to determine that appellant's contact with the Mississippi Employment Security Division should be counted as a job contact for her first week in Mississippi. The question of whether or not that one job contact during her first week constituted an *immediate entry into the labor market is a fact question and* must be decided by the Employment Security Division. Further, as in *Rainbolt,* the Employment Security Division is free to consider the question of whether or not appellant has complied with registration and reporting requirements under the Act, and whether she has done those things which a reasonably prudent individual would be expected to do to secure work during the period from her arrival in Mississippi until the date of her first hearing. Accordingly, the case

is reversed and remanded for the purposes hereinabove stated.

Reversed and remanded.

GLAZE, J., would reverse and remand with directions to award benefits.