Hope WELLS *v.* William F. EVERETT,
Director of Labor

E 81-322                                    635 S.W.2d 294

Court of Appeals of Arkansas
Opinion delivered June 30, 1982

*Kirby Riffel,* for appellant.

*Thelma Lorenzo,* for appellee.

TOM GLAZE, Judge. The appellant in this employment security case contends that it is unjust to require her to repay $1,152 to the Employment Security Agency. She began receiving benefits on August 23, 1980, in the amount of $136 per week. When she received her first check, she did not cash it but took it to the unemployment office. She told the Agency's representative that she did not believe she was entitled to that amount. The representative for the Agency checked appellant's file and assured appellant that the check was written for the correct amount.

Appellant continued to receive checks for this same amount per week until January 31, 1981. She was informed that a redetermination had been made, and appellant was entitled to $88 per week. The Agency determined that appellant was overpaid $1,152, and she was required to repay it.

At a hearing held July 31, 1981, appellant explained that she and her husband drew social security benefits, which were their only source of income. Appellant's social

security check was for $204 per month. She and her husband owned a home. Appellant testified that she was now 62 years old, suffered from arthritis and was unable to work.

The Board of Review affirmed and adopted the decision of the Appeal Tribunal, which found that it would not be against equity and good conscience to require appellant to repay the Fund. It is not contended that any act or representation on the part of the appellant caused the overpayment. The Board found specifically that the over-payment was not the result of appellant's fraud or willful misrepresentation of a material fact.

A recovery may be required so long as it does not violate the standard of equity and good conscience. As this Court said in *Vaughn* v. *Everett,* 5 Ark. App. 149, 633 S.W.2d 401 (1982):

> In applying the "equity and good conscience" standard, the factfinder may consider such matters as whether claimant received notice that he would be liable to repay any overpayments, whether the claimant received only normal unemployment benefits or some extra duplicative benefit, whether the claimant changed his position in reliance upon receipt of the benefit, the cause of the overpayment, and whether recovery of the overpayment would impose extraordinary hardship on the claimant.

There is nothing in the record which shows that the claimant received notice that she would be liable to repay any overpayments. That is the first factor in the "equity and good conscience" test which the Court relies on. The appellant apparently did not receive extra benefits, even though that too is unclear from the record. The cause of the overpayment lay either with the employer or the Agency. Appellant was blameless as to the cause of the overpayment.

The only evidence presented below supports appel-lant's contention that repayment would constitute an extra-ordinary hardship. The record fails to reveal any assets from which the Fund could be repaid. The record does not reveal

the value of appellant's equity in the home she owns, nor do we know if she has any savings accounts, stocks, bonds or other assets. Certainly, a jointly owned home and social security income of $204 per month alone do not support a finding that repayment would not be against equity and good conscience.

As for the reliance factor, appellant spent the money in the normal course of living. Appellant attempted to return the first check because she felt it was an incorrect amount. The Agency checked the records and assured appellant that the amount was a correct one. She relied upon the assurances of the Agency as she might well be expected to do.

The doctrine of estoppel is applicable when four essential elements are present: (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel had a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury. *Rainbolt* v. *Everett*, 3 Ark. App. 48, 621 S.W.2d 877 (1981). Here, the Agency had access to the correct information concerning appellant's employment; an Agency employee informed the appellant that the check sent to her was in the correct amount; the appellant had no way of knowing that the monetary determination was an incorrect amount; and appellant has used those benefits to meet her daily expenses.

On these facts, we hold that the Agency is estopped to recover the overpayment. To hold otherwise would be to thwart the benevolent purpose of this Act as set out in Ark. Stat. Ann. § 81-1101 (Repl. 1976), which is to provide unemployment reserves to be used for the benefit of persons unemployed through no fault of their own. We reverse and remand for a decision not inconsistent with this opinion.

Reversed and remanded.

MAYFIELD, C.J., concurs.

MELVIN MAYFIELD, Chief Judge, concurring. I agree

that under all the facts and circumstances shown in the record it would be against equity and good conscience to require appellant to repay the overpayments she has received.

I do not agree, however, that the doctrine of estoppel is applicable under the facts and circumstances of this case.