William F. EVERETT, Director of Labor, and
NEKOOSA PAPER, INC. *v.* Judy JONES

82-66                                          639 S.W.2d 739

Supreme Court of Arkansas
Opinion delivered October 11, 1982

*Gary Williams,* for petitioners.

No brief filed for respondent.

ROBERT H. DUDLEY, Justice. Respondent filed a claim for unemployment insurance benefits with the Employment Security Division of Arkansas Department of Labor. The Agency, Appeals Tribunal and Board of Review, created by the Employment Security Law, held she was not entitled to the benefits. The Court of Appeals reversed and remanded with directions to extend benefits holding that, under the circumstances, the Employment Security Division was estopped to deny the benefits to respondent. *Jones* v. *Everett, Director,* 4 Ark. App. 169, supplemental opinion at 174A and 174B, 629 S.W.2d 305 (1982). We granted certiorari pursuant to Rule 29 (1) (c) to determine whether there was error in extending the doctrine of estoppel against the State. We reverse the Court of Appeals and affirm the judgment of the Board of Review.

Judy Jones, respondent, voluntarily quit her last work as a secretary in Ashdown to move to El Dorado with her

husband. On June 8, after arriving in El Dorado, she applied for unemployment insurance benefits. On June 23, more than two weeks after filing her claim, respondent declared n a certified statement that she had not contacted any employers but had checked with friends about employment openings.

Ark. Stat. Ann. § 81-1106 (a) (Supp. 1981) disqualifies employees from benefits if they voluntarily leave work unless they qualify under an exception by immediately entering the labor market after following their spouse to a new place of residence. The Agency disqualified respondent from receiving benefits becuse she had "made no realistic effort to locate employment . . . " Respondent gave notice of appeal by letter.

At the appeals hearing the respondent testified that her earlier statement was not correct and that, instead of not contacting any employers, she had contacted four potential employers. She explained the discrepancy by stating that her first statement referred to employers to whom she had actually made job application while her subsequent testimony referred to employers she had contacted who were not then accepting job applications. At the hearing she could not recall the names of any of the persons who refused to let her make a job application nor could she remember the dates she talked to them. She testified that, in addition, she mailed two resumes to employers. Subsequent to the hearing she gave by letter the dates on which she alleged that she had contacted employers. The Appeals Tribunal and the Board of Review upheld the Agency finding that respondent did not immediately enter the labor market. The Court of Appeals reversed and remanded with directions to award benefits. *Jones* v. *Everett, Director, supra.*

In reviewing the sufficiency of the evidence on appeal of Employment Security cases to the Arkansas Court of Appeals, the evidence is to be considered in the light most favorable to the successful party below and the decision is to be affirmed if there is substantial evidence to support the decision. *Harris* v. *Daniels,* 263 Ark. 897, 567 S.W.2d 954 (1978); Ark. Stat. Ann. § 81-1107 (d) (7) (Supp. 1981).

Respondent's first statement that she did not contact any employer for a little longer than the first two weeks of unemployment was substantial evidence to support the findings of the Board of Review. The Board was not bound to believe her subsequent explanation. However, the Court of Appeals held that the petitioner was estopped to deny that respondent immediately entered the job market.

In its supplemental opinion, the Court of Appeals stated that it based its holding of estoppel on the actions of the agency at its initial contact with appellant. The Court of Appeals found that during the two week interval from petitioner's first visit until her second she had absolutely no guidance and was never advised of what was required of her in order to draw benefits during her period of unemployment. In addition, according to the Court, the agency created a situation where the claimant could have reasonably believed that she needed only to return on the assigned date.

However, the only evidence in the record of the actions of the agency in its initial contact with respondent is in her statement in the notice of appeal, quoted by the Court as follows:

> In my opinion I have followed every procedure you have set forth. Upon arriving in El Dorado, I immediately went to the Employment Security Division and signed up for employment. At that time I was not informed of any particular procedure I was to follow in seeking employment. The only information I was given was to fill out the paper I was given and return on 6-23-81 to see a film that would give me complete details regarding my responsibilities and unemployment insurance. . . .

The Court of Appeals in holding that the State is estopped to deny benefits to respondent stated:

> [O]n these facts, and based on prior holdings of this Court and the Arkansas Supreme Court, we hold that the Employment Security Division is estopped to deny benefits to the appellant. Where the claimant has relied

on the failure of Employment Security Division to advise of any additional requirements, that Agency should not be allowed to turn around and impose additional requirements, which were unknown to the claimant, in order to deny her benefits. Obviously, a claimant must make an attempt to find a job in order to be qualified under the Act, but if the Agency wishes to impose specific requirements such as two job contacts a week, four contacts a week, or any other such number, claimants should be advised of what those requirements are at the time they make initial contact with the Agency.

In *Foote's Dixie Dandy, Inc.* v. *McHenry*, 270 Ark. 816, 607 S.W.2d 323 (1980), we abandoned the principle that the doctrine of estoppel could never be applied against the State and announced that estoppel would lie against the State in very limited circumstances. However, this doctrine is to be applied against the State only when there is substantial proof and a compelling reason. Here there was no substantial proof of the only allegation of affirmative misconduct. That allegation was made in respondent's notice of appeal quoted above. In addition, the State was never given the opportunity to submit evidence to rebut the allegation.

In *Rainbolt* v. *Everett*, 3 Ark. App. 48, 621 S.W.2d 877 (1981) the Court of Appeals properly refused to apply estoppel without the State first being afforded the opportunity to submit evidence to rebut appellant's claim about false representations by an agent of the Employment Security Division. There the Court reversed and remanded the case for additional evidence on the issue of estoppel. *See also, Clay* v. *Everett*, 4 Ark. App. 122, 628 S.W.2d 339 (1982); *Foote's Dixie Dandy, Inc.* v. *McHenry, supra;* Ark. Stat. Ann. § 81-1107 (d) (7) (Supp. 1981). In this case the only evidence presented other than the statement in the notice of appeal, was on the issue of immediate entry into the labor force. Yet, while there was no substantial proof on the estoppel issue, the Court of Appeals made a finding on the merits of estoppel. This was error.

The other reasons given by the Court of Appeals for applying the doctrine do not involve allegations of affirmative misconduct. They can be summarized as findings of unconscientiousness on the part of the administrative agency. Likewise these issues were not fully developed below and there was no substantial proof of lack of conscientiousness. Certainly, we do not intend that the *Foote's* doctrine be extended to a nebulous and indefinite situation where the agent of the State has not clearly caused the claimant to believe that nothing more is necessary other than to return on the assigned date. We additionally note that the General Assembly has provided: "Mere registration and reporting at a local employment office shall not be conclusive evidence of the ability to work, availability for work, or willingness to accept work unless the individual is doing those things which a reasonably prudent individual would be expected to do to secure work." Ark. Stat. Ann. § 81-1105 (c) (Repl. 1976).

The function of the Employment Security Division is to administer the Act and to make sure that only those persons who are entitled to benefits receive them. The law imposes a requirement on the claimant to do those things which a reasonable person would do to seek work. Ark. Stat. Ann. § 81-1105 (Repl. 1976). The requirement is for the benefit of the general public and is to prevent payment of benefits to persons who are not entitled to them. Before the State is estopped from applying this law there must be substantial evidence that the citizen relied upon actions or statements by an agent of the State.

There was no substantial evidence to apply the doctrine of estoppel against the State in this case. Therefore we reverse the decision of the Court of Appeals and affirm the decision of the Board of Review.

Reversed and the judgment of the Board of Review is affirmed.