STATE of Arkansas, Office of Child Support Enforcement *v.*
Tamara Dixon WALLACE

96-663                                          941 S.W.2d 430

Supreme Court of Arkansas
Opinion delivered April 21, 1997

*Burrow, Harlan & Childers*, by: *Bruce Harlan*, for appellant.

*Daniel G. Ritchey*, for appellee.

TOM GLAZE, Justice. Appellee Tamara Dixon Wallace had a child and later established her eligibility to receive monetary support from Aid to Families with Dependent Children (AFDC). To receive that aid, Wallace assigned to the State Department of Human Services all child support to which she was entitled. The State in turn filed a paternity suit against the child's putative father, Frank Lewis. Lewis eventually conceded paternity, and sought custody of the child. While the State, through its counsel, continued its representation to compel Lewis to pay monthly child support, it refused to defend Wallace against Lewis's requests for custody and visitation, and would not represent her in seeking past child support, lying-in expenses, or reimbursement for past medical costs. Consequently, Wallace employed private counsel to represent her regarding the issues the State would not defend against or pursue.

The chancellor subsequently found Lewis to be the father of Wallace's child, and ordered him to pay $42.00 per week in child support. The chancellor further entered judgment directing Lewis to pay $531.40 for lying-in expenses, $365.12 for past medical expenses, and awarded Wallace $3,320.00 in child-support arrearages. Lewis was ordered to pay the arrearage at the rate of $8.00 per week, which amount would be in addition to his regular monthly child support.

The State decided that, under Wallace's assignment of her support rights, it would collect and retain the $8.00 arrearage payment along with Lewis's regular support payment. Wallace responded by requesting the chancellor to enjoin the State from claiming and withholding the arrears because the State declined to seek back child support. The chancellor agreed with Wallace, and found the "unique circumstances" in this case precluded the State

from collecting the weekly $8.00 payment. He further ordered that all such payments, on arrears, including future payments, should be paid directly to Wallace, and held the payments would not prejudice her rights to other AFDC benefits. The State brings this appeal, asserting the chancellor's ruling violates state and federal law and should be reversed.

Wallace received AFDC assistance as determined under Ark. Code Ann. § 20-76-407 (Repl. 1991), and by accepting such assistance, she, as a recipient, assigned to the State Department of Human Services the following:

> [A]ny rights to child support from any other person as the recipient may have (1) in his own behalf or in behalf of any other family member for whom the recipient is receiving assistance; and (2) accrued at the time of such assistance, or any portion thereof, is accepted. *See* Ark. Code Ann. § 20-76-410(c) (Repl. 1991); *see also* 42 U.S.C. § 602(a)(8)(A)(vi) and (a)(26)(A) (Supp. 1997).

We agree with the State that § 20-76-410(c) and § 602(a) (26)(A) generally provide that DHS is assigned all rights to child-support payments, including those in arrears, to which an AFDC recipient is entitled. However, the issue in the present case is whether the State is estopped from claiming those back child-support payments awarded to Wallace because it had refused to represent her in establishing her claim for arrears.

The following four elements are necessary to establish estoppel: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that the conduct be acted on or must act so that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the facts; and (4) the party asserting the estoppel must rely on the other's conduct and be injured by that reliance. *Arkansas Dep't of Human Servs. v. Estate of Lewis*, 325 Ark. 20, 922 S.W.2d 712 (1996). In *Lewis*, this court recognized that, while estoppel is not readily available against the State, our court has applied the doctrine of estoppel against the State where an affirmative misrepresentation by an agent or agency of the State has tran-

spired.  *See also Foote's Dixie Dandy v. McHenry*, 270 Ark. 816, 607 S.W.2d 323 (1980).

██    In the present case, the State, through its Child Support Enforcement Unit, affirmatively instructed Wallace that it would not represent her in seeking any back child support, and if Wallace wanted to seek arrears in support, she would need to hire a private attorney.  In fact, the State's attorney confirmed, at trial, the State's position in this matter by stating the following:

> And in [Wallace's] case, I mean, I specifically had a conversation with her to that extent.  Everything in that statement is true.  She was required, I believe to hire Mr. Ritchey to represent her primarily because of the custody action.  She requested of Child Support help with regard to the back support and I told her that was not something we would pursue and if she hired a private attorney, it was something that they could pursue.  That's the reason, Your Honor, that I think collateral estoppel [sic, estoppel] applies, otherwise the State would have been entitled to that judgment.

> Now, obviously we've changed our policy since then, but this case is one of the reasons that we've changed our policy, obviously.  *But that's the reason that I cannot get up here and could not, in good faith, tell the Court that we were entitled to that judgment. Ms. Wallace pursued the judgment, she hired Mr. Ritchey to pursue the judgment.  They're collecting the judgment.*  (Emphasis added.)

Relying on the State's instruction, Wallace employed counsel who successfully obtained a $3,320.00 judgment against Lewis for past support.  Based on the record before us, we conclude the State is estopped from obtaining any benefits resulting from Wallace's judgment for arrearage.

██    At this point, we mention the State's argument that, while the State may concede that it is estopped from claiming Wallace's judgment for back support, the State should not be precluded from collecting the payments made on that judgment, so long as Wallace receives AFDC benefits.  The State's argument attempts to acknowledge and concede the application of estoppel to the point of obtaining the judgment for arrears, but suggests estoppel ends when the arrears are collected.  The State offers no citation of authority for this proposition, and we know of none.

■ The State's second argument is that the $8.00 weekly support payments received by Wallace should be considered as income, and the State should be allowed to factor in such payments when determining Wallace's amount of assistance under § 20-76-407. Because this argument was not raised below, we do not consider it on appeal.

For the reasons discussed, we affirm.

NEWBERN, J., dissents.

DAVID NEWBERN, Justice, dissenting. The majority opinion correctly identifies the elements of estoppel. I dissent because the facts presented do not show an affirmative misrepresentation on the part of the State. The facts also fail to show that Tamara Wallace was ignorant of any relevant fact concerning the assignment of her rights to the State.

It is undisputed that Ms. Wallace, in exchange for AFDC payments from the State, assigned to the State "all rights, title and interest in any support" that she had in her own behalf or in behalf of any person for whom she received AFDC. It is also undisputed that Ms. Wallace received $162 each month from the state in AFDC benefits. At the hearing on the petition, Ms. Wallace admitted that she read and signed the form that was attached and that her caseworker explained the assignment of back support rights to her.

In her petition for relief, Tamara Wallace alleged that she was informed by the State that she would have to hire private counsel for her custody action and to pursue back support, lying-in expenses, and attorney's fees. The petition claims that the State refused to help her with these claims, that she hired private counsel, and that after recovering a judgment, the State collected the payments on the judgment. The petition contains no claim that the State promised to waive the rights she previously assigned. Likewise, the stipulation of facts entered into between Ms. Wallace and the State fails to show any promise by the State concerning the assignment of rights.

Prior to 1980, the State could not be estopped by the actions of its agent. In *Foote's Dixie Dandy v. McHenry, Adm'r,* 270 Ark.

816, 607 S.W.2d 323 (1980), we abandoned the principle that the State can never be estopped but stated that estoppel is not a defense that should be readily available against the State. We also identified four elements that must be present in order to apply estoppel to a sovereign: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that the conduct be acted on or must act so that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the facts; and (4) the party asserting the estoppel must rely on the other's conduct and be injured by that reliance.

The specific reference to actions or statements by a State agent underscores the need for some affirmative act as a prerequisite to a judicial finding of estoppel. *Arkansas Dep't of Human Services v. Estate of Lewis*, 325 Ark. 20, 922 S.W.2d 712 (1996). Estoppel should not be applied where there is no clear proof of an affirmative act amounting to misrepresentation by the agency. *Everett v. Jones*, 277 Ark. 162, 639 S.W.2d 739 (1982).

In *Arkansas Dep't of Human Services v. Estate of Lewis, supra*, a case cited by the majority, we quoted from *Everett v. Jones, supra*, as follows:

> Certainly, we do not intend that the *Foote's* doctrine be extended to a nebulous and indefinite situation where the agent of the State has not clearly caused the claimant to [hold a particular belief] . . . . Before the State is estopped from applying this law there must be substantial evidence that the citizen relied upon actions or statements by an agent of the State.

Since *Foote's Dixie Dandy v. McHenry, supra*, we have refused to apply the doctrine of estoppel against the State unless an affirmative misrepresentation by an agent or agency of the State was clearly shown. *Arkansas Dep't of Human Services v. Estate of Lewis, supra*; *Everett v. Jones, supra*. Further, we have refused to apply the doctrine when there is no showing of reliance upon a misleading action. *Hope Educ. Ass'n v. Hope School Dist.*, 310 Ark. 768, 839 S.W.2d 526 (1992); *Arkansas Alcoholic Beverage Control Div. v. Person*, 309 Ark. 588, 832 S.W.2d 249 (1992); *Arkansas Power &*

*Light Co. v. Arkansas Pub. Serv. Comm'n,* 275 Ark. 164, 628 S.W.2d 555 (1982).

The facts of this case reveal neither a misleading action on the part of the state nor justifiable reliance. Ms. Wallace does not even claim that she was ignorant of any of the relevant facts. The majority's decision to estop the State is not supported by the facts. We should follow the standards espoused in *Arkansas Dep't of Human Services v. Estate of Lewis, supra,* and once again refuse to expand the *Foote's Dixie Dandy* doctrine to encompass incidents devoid of affirmative misrepresentation.