Mary WILLIAMS *v.* DIRECTOR, *et al.*

E02-56                                      88 S.W.3d 427

Court of Appeals of Arkansas
Division III
Opinion delivered November 13, 2002

*Pat Marshall*, for appellant.

*Phyllis Edwards*, for appellee.

JOHN F. STROUD, JR., Chief Judge. Appellant, Mary Williams, appeals the Board of Review's decision to deny her application for unemployment benefits on the basis that she was discharged from her last work for misconduct in connection with the work on account of dishonesty. Although she raises five separate points on appeal, her contentions can be combined into two points: (1) the Board of Review erred in not allowing her to present additional evidence because there was good cause why she did not participate in the telephone hearing conducted by the Appeal Tribunal; (2) there was not substantial evidence to support the Board of Review's finding that she was discharged from her last work for misconduct in connection with the work on account of dishonesty. We affirm the Board of Review's denial of benefits.

Appellant was initially awarded unemployment benefits at the department level, but that decision was reversed by the Appeal Tribunal. She was not present at the telephone hearing before the Appeal Tribunal, and she now complains that she was denied the opportunity to present additional evidence. For authority, she cites Ark. Code Ann. § 11-10-524(d)(2) (Repl. 2002), which provides that "[r]equests for reopening . . . shall be granted by the tribunal only upon a showing of good cause for failing to appear at the initial tribunal hearing." This statutory provision is simply not applicable to appellant in this case. The complete language of subsection (d) gives the Appeal Tribunal the authority to reopen a case only if the party that filed the appeal to the Appeal Tribunal fails to appear at the initial tribunal hearing and subsequently shows good cause as to why that party did not

appear at the initial tribunal hearing; no other request for reopening shall be considered by the Appeal Tribunal. In the present case, appellant was not the party who filed an appeal with the Appeal Tribunal; therefore, in accordance with Ark. Code Ann. § 11-10-524(d)(1), the Appeal Tribunal had no authority to entertain a request from appellant to reopen the case. Furthermore, even though the Appeal Tribunal had no authority to reopen the case based upon a request from appellant, the record does not indicate that she ever petitioned the Appeal Tribunal to reopen the case; rather, she appealed the denial of benefits to the Board of Review.

■ Appellant also contends that the Board erred in denying her request that additional evidence be taken. The decision to take additional evidence is within the discretion of the Board of Review. *Fry v. Director*, 16 Ark. App. 204, 698 S.W.2d 816 (1985).

■ In the present case, appellant contends that she did not receive notice of the Appeal Tribunal hearing because she was forced to move out of her apartment after she lost her job. She states in her brief that she had her mail forwarded, but that she was having difficulty receiving it. The notice of the December 3, 2001, telephone hearing was mailed to appellant's last known address in North Little Rock on November 16, 2001. Appellant did not apprise the unemployment office of her change in address until after the hearing in which the Appeal Tribunal denied her unemployment benefits. We find that under these facts, the Board of Review did not abuse its discretion in denying appellant's request that additional evidence be taken.

■ Appellant also contends that there was not substantial evidence to support the Board of Review's denial of unemployment benefits due to misconduct in connection with the work on account of dishonesty. The well-settled standard of review in unemployment cases was set forth in *Baldor Electric v. Director*, 71 Ark. App. 166, 168-69, 27 S.W.3d 771, 773 (2000) (citations omitted):

> On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion. We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it.

A person will be disqualified for unemployment benefits if it is found that she was discharged from her employment on the basis of misconduct in connection with the work. Ark. Code Ann. § 11-10-514(a)(1) (Repl. 2002). In *Baker v. Director*, 39 Ark. App. 5, 6, 832 S.W.2d 864, 865 (1992), this court held:

> Misconduct in connection with one's work, as used in our statute, has been defined as meaning more than mere inefficiency or unsatisfactory conduct; it is some act of wanton or willful disregard for the employer's interest, a deliberate violation of the employer's rules, or a disregard of the standard of behavior that the employer has a right to expect of his employees. The misconduct found in this case was dishonesty, which has been defined as a disposition to lie, cheat, or defraud; untrustworthiness; lack of integrity. Determining whether a claimant had been guilty of misconduct on account of dishonesty is a question of fact for the Board of Review to determine.

(Citations omitted.)

In the present case, appellant was a cashier at a Little Rock convenience store owned by BHT Investments. On September 24, 2001, appellant called the police department to report a robbery. When Billy Jackson, the employer's general manager, arrived at the store, he was told by police officers that there was a problem with appellant's story. Mr. Jackson testified that although there were store employees outside both exit doors and a Little Debbie salesman inside the 500 square-foot store, no one saw a person approach the cash register or leave the building. However, $589 was missing from the cash register and the camera surveillance system had been disabled. Appellant was arrested in connection with the theft and was also charged with filing a false police report; her employment was also terminated that day.

Jackson testified that the company had a written policy against theft; he also stated that a police officer told him that

appellant had admitted that she had taken the money. He said that he did not have any evidence that appellant took the money except for the fact that she was charged with two felonies. He did not search appellant to see if the money was on her person, and he did not know if the police searched her. Jackson testified that appellant's termination was based upon the fact that no one else saw the alleged robber and that the police charged appellant with the theft. He said that if the police believe that a person has committed a crime, even if they have not been convicted in a court of law, his company would discharge that person because of the risk to the business.

In *Grigsby v. Everett*, 8 Ark. App. 188, 191, 649 S.W.2d 404, 406 (1983), this court held, "Unlike in a criminal proceeding, whether the claimant did both or either of the two acts charged need not be proved beyond a reasonable doubt. Instead, the employer is only required to show by a preponderance of the evidence that one of the charges of misconduct occurred." Additionally, the credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board of Review. *Id.*

In the case at bar, there was substantial evidence to support the Board of Review's denial of unemployment benefits upon the finding that appellant was discharged from her last work for misconduct in connection with the work on account of dishonesty. Although the employer's general manager did not search appellant's person for the cash, no one but appellant saw anyone approach the cash register or leave the store, there was almost $600 missing from the cash register, and the video surveillance was not in working order. Furthermore, appellant was arrested by the police, charged with theft of property and filing a false police report, and the employer's manager testified that he was told by a police officer that appellant admitted that she had taken the money. This evidence is sufficient to establish by a preponderance of the evidence that appellant was the person who took the money from the cash register, which is all that is required by *Grigsby, supra.*

Affirmed.

HART and ROAF, JJ., agree.