Nancy E. WALL *v.* DIRECTOR,
Arkansas Employment Security Department

E 03-156                                         128 S.W.3d 480

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered November 12, 2003

*Appellant*, pro se.

*Allan Franklin Pruitt*, for appellee.

ANDREE LAYTON ROAF, Judge. Nancy E. Wall appeals the decision of the Board of Review that she is liable to repay $447 in unemployment benefits she received in June 1997. Wall contends that it is not fair or just to allow the Employment Security Department (ESD) to recover the non-fraud overpayment where the ESD waited from December 1997 until January 2003 to attempt recovery. We agree that the Department is barred from recovering the overpayment based on the doctrine of laches, and reverse.

Wall received the $447 that is at issue in June 1997. The non-fraud overpayment resulted when her employer appealed, and the award to her of benefits was reversed by the Appeal Tribunal. Wall did not appeal, and according to an ESD worksheet in the record, the issue thus became final on August 19, 1997. Wall was sent a "Notification of Right to Request Waiver of Potential Overpayment" dated July 25, 1997, and she promptly submitted such a request on July 29, 1997. There is no further activity reflected in the record until a "Notice of Non-fraud Overpayment Determination" setting out the amount of the overpayment and dated January 10, 2003, over five and a half years later, was sent to Wall. Wall appealed and the Appeal Tribunal ruled that, based on her current resources and income, Wall should be liable for repayment. The Board of Review affirmed and, although noting that Wall "may have reason to be upset about the delay of the Department in seeking repayment," did not address at all what was in essence an estoppel and/or laches argument raised by Wall, but focused instead on the four-year statute of limitations applicable to *collection* of claims *after* a final determination of the amount of overpayment is issued, found in Ark. Code Ann. § 11-10-532(b)(2) (Repl. 2002). However, there was an unexplained five and one-half year delay in issuing this notice, and Wall asserted that it is this delay that was detrimental to her because she no longer had records from 1997 and because she could not seek a refund of income taxes withheld by ESD from the unemployment benefits she received and reported to IRS.

■ The statutory provision relied upon by the Board, Ark. Code Ann. § 11-10-532, provides in pertinent part:

(B)(1)(A) If the director finds that any person has received any amount as benefits under this chapter to which he or she was not entitled by reasons other than fraud, willful misrepresentation, or willful nondisclosure of facts, the person shall be liable to repay the amount to the fund.

\* \* \*

(2) Any person held liable to repay an amount to the fund or to have the amount deducted from any future benefits payable to him or her shall not be liable to repay the amount nor shall recovery be made from any future benefits after four (4) years from the date the

determination of the amount of the overpayment becomes final within the meaning of the provisions of § 11-10-527.

Clearly, this four-year period commenced to run only after the notice was sent to Wall in January 2003. Just as clearly, pursuant to the Board's decision, the Department could thus delay any number of years before sending out the notice without the limitations period even commencing to run.

This court has held that the equitable defense of estoppel barred recovery of unemployment overpayment in *Wells v. Everett*, 5 Ark. App. 303, 635 S.W.2d 294 (1982), where the overpayment was not the fault of the claimant, who had informed the Agency that the payment was incorrect when she received her first check, but was assured by it that the amount was correct. In *Wells*, this court defined estoppel as follows:

> The doctrine of estoppel is applicable when four essential elements are present: (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel had a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury. *Rainbolt v. Everett*, 3 Ark. App. 48, 621 S.W.2d 877 (1981).

5 Ark. App. at 306, 635 S.W.2d at 295. Although the doctrine of estoppel does not apply in Wall's case, because of lack of intent by the Department, the related defense of laches is clearly implicated by the ESD's more than five-year delay in pursuing recovery of the overpayment to her.

The doctrine of laches requires a detrimental change in the position of the one asserting the doctrine as well as an unreasonable delay on the part of the one against whom it is invoked. *Padgett v. Haston*, 279 Ark. 367, 651 S.W.2d 460 (1983). In *Arkansas County v. Desha County*, 351 Ark. 387, 392, 94 S.W.3d 888, 890 (2003), the supreme court distinguished the closely-related defenses of laches and equitable estoppel, stating:

> The doctrine of laches is based on a number of equitable principles that are premised on some detrimental change in position made in reliance upon the action or inaction of the other party. It is based on the assumption that the party to whom laches is imputed has

knowledge of his rights and the opportunity to assert them, that by reason of his delay some adverse party has good reason to believe those rights are worthless or have been abandoned, and that because of a change of conditions during this delay it would be unjust to the latter to permit him to assert them. Laches requires a demonstration of prejudice to the party alleging it as a defense resulting from a plaintiff's delay in pursuing a claim.

The record does not reflect Wall's financial state at the time of the initial determination of overpayment in 1997. However, she has asserted a detrimental change in position in that she has not maintained records from 1997 and cannot now seek recovery of the federal taxes withheld from the benefits she received because the three-year period for filing amended tax returns has expired. She has suffered a disadvantage resulting from ESD's delay in pursuing its claim, and we hold that, under these circumstances, laches bars recovery of the overpayment.

Reversed and dismissed.

VAUGHT, CRABTREE, and BAKER, JJ., agree.

STROUD, C.J., and NEAL, J., dissent.

OLLY NEAL, Judge, dissenting. I do not agree that the doctrine of laches bars recovering overpayment in this non- fraud Employment Security Division case. ·

In addition to the facts set out in the prevailing, opinion the Board based its decision on a finding that the claimant has over $10,000 in savings and that her monthly household income exceeds her monthly expenses by approximately $800.

On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. *Hunt v. Director*, 57 Ark. App. 152, 942 S.W.2d 873 (1997). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* Our review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.* We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *See Feagin v. Everett*, 9 Ark. App. 59, 652 S.W. 2d 839 (1983). Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination

of whether the Board could reasonably reach its decision upon the evidence before it. *See Perdrix-Wang v. Director*, 42 Ark. App. 218, 856 S.W.2d 636 (1993).

The relevant code section, Ark. Code Ann. § 11-10-532(b)(1) (1997), is as follows:

> (A) If the director finds that any person has received any amount as benefits under this chapter to which he was not entitled by reasons other than fraud, willful misrepresentation, or willful non-disclosure of facts, the person shall be liable to repay the amount of the fund.

> (B) In lieu of requiring the repayment, the director may recover the amount by deduction from fifty percent (50%) of any future benefits playable to the person under this chapter unless the director finds that the overpayment was received without fault on the part of the recipient and that its *recovery would be against equity and good conscience* (Emphasis added.)

A recovery of overpayment may be required so long as it does not violate the standard of "equity and good conscience." *Vaughn v. Everett*, 5 Ark. App. 149, 633 S.W.2d 401 (1982). This standard requires the trier of fact to draw upon precepts of justice and fairness as opposed to application of rigid or specific rules. In applying the "equity and good conscience" standard, the fact finder may consider such matters as whether recovery of the overpayment would impose extra ordinary hardship on the claimant. *See Vaughn v. Everett, supra.* Nothing in this record suggests that repayment would create a hardship.

I agree that the time between the overpayment and the determination is troublesome. However, that is a matter for the legislature to address.

Based upon our appellate review, I would affirm the decision of the Board of Review.

STROUD, C.J., joins.