Dedra D. THOMPSON,
Jeff Mynatt, Shanna Mynatt, and Paul Albert *v.*
DIRECTOR, ARKANSAS EMPLOYMENT SECURITY
DEPARTMENT and Arkansas Eastman Division

E03-127; E03-128; E03-143; E03-152                    196 S.W.3d 521

Court of Appeals of Arkansas
Opinion delivered October 27, 2004

---

*Larry J. Steele,* for appellants.

*Allan Franklin Pruitt,* for appellee.

WENDELL L. GRIFFEN, Judge. Dedra Thompson, Jeff My-natt, Shana Mynatt, and Paul Albert appeal a decision from the Board of Review which denied them unemployment benefits after they accepted a voluntary severance package from their employer rather than risk being laid off in a reduction-in-force.[1] The Board, affirming the decision from the Arkansas Employment Security Department (ESD), relied on *Billings v. Director, Employment Security Dep't,* 84 Ark. App. 79, 133 S.W.3d 399 (2003), and found that appellants left their jobs voluntarily and without good cause. We reverse and remand for an award of benefits.

The facts are not disputed. Appellants were employees at Arkansas Eastman, and each had been so employed for more than ten years. Each was informed that Eastman intended to layoff approximately fifty employees. The layoffs were to be determined by a combination of salary grade and length of service, but no individual knew definitely whether or not he or she would be terminated. To reduce the number of involuntary layoffs, Eastman offered many of the employees a "voluntary-severance package." Gary McDonald, manager of administration for Arkansas Eastman, described the severance package in his testimony as involving two weeks' pay for every four years' service, four months' continuation of health, life, and dental insurance coverage, a retraining allow-

---

[1] The case involved five separate employees. Only four employees are involved in this appeal. The same facts and decisions pertain to each of them.

ance of up to $5,000, and assistance in getting into a job-displacement program. He also testified that Arkansas Eastman was notified in November 2002 by the local division office of the ESD that the division had changed its interpretation of the eligibility requirements concerning applicants for unemployment compensation by voluntary-severance-package recipients.

Cassondra Sherrell, manager with the ESD, testified that the division changed its policy regarding eligibility of voluntary-layoff claimants in October 2002. By that time, appellants had already accepted the severance packages offered them by Arkansas Eastman based on the previous division position whereby voluntary-layoff workers were deemed eligible to receive unemployment benefits. Employees had to apply for the packages, and Eastman would accept or reject the application depending on the needs of the employee. Appellants opted to take the package. They testified that they were aware of past layoffs where Eastman offered similar packages and that those employees had later received unemployment benefits. Eastman, relying on the stated policy of the ESD, told each employee that they would also be eligible for unemployment benefits.

Sherrell also testified that had appellants filed their claim prior to October 11, 2002, they could have drawn unemployment benefits. However, because they worked at Eastman for such a long time, they had more severance pay to draw, which meant that they did not seek unemployment benefits until they had exhausted the severance pay. By that time, the division had changed the policy that existed when appellants were offered the voluntary-severance package.

Appellant Jeff Mynatt testified that he did not feel that he would have lost his job had he not taken the severance package; however, his job requirements and duties would have changed. He further stated that he did not feel secure in his job, as this was the third layoff in three years. Appellant Shana Mynatt testified that her department head told her that her department would be among the first to be targeted by the reduction-in-force. Appellant Dedra Thompson testified that she took the severance package based on past layoffs as well as the assurances from Eastman that she would be able to draw unemployment benefits.

The Board of Review relied on *Jackson v. Daniels*, 267 Ark. 685, 590 S.W.2d 63 (Ark. App. 1979) and *Billings v. Director, Employment Security Dep't*, 84 Ark. App. 79, 133 S.W.3d 399

(2003), in reaching its decision that appellants left their jobs voluntarily and without good cause so as to be disqualified from receiving benefits. Ark. Code Ann. § 11-10-513(a)(1) (Repl. 2002). This appeal followed.

We review the evidence in the light most favorable to the Board's findings and will affirm its decision if it is supported by substantial evidence. *Billings, supra.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The review is limited to whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

Appellants frame the issue as a possible inconsistency between *Jackson, supra,* and *Billings, supra.* In *Jackson,* the employer announced that he had to lay off one of his employees. The claimant in that case told the employer that, if someone had to be laid off, she preferred that it were her and not one of the two recently hired employees. The claimant was eventually laid off and made a claim for unemployment benefits. In reversing the Board's decision to deny her benefits, we said, "We see an appreciable difference in an employee communicating directly to an employer that he wishes to be laid off and what occurred in this case." *Jackson,* 267 Ark. at 687, 590 S.W.2d at 64. We made it clear that the appellant in that case lost her job because of a reduction-in-force and not for personal reasons.

In the present case, the Board relied on *Billings, supra,* in its decision to deny benefits. That case also involved employees who accepted severance packages pending a reduction-in-force layoff. In an effort to reduce the number of people involuntarily laid off, the employer offered packages to its more senior employees and continued offering packages until enough people left their jobs. There was further testimony in that case that had not enough people taken the packages, the least senior employees would have been laid off. Many of the employees who took the packages were not in danger of losing their jobs. This court affirmed the denial of benefits, finding the layoffs truly voluntary.

In resolving these cases we need not overrule our decision in *Billings* or embrace appellants' argument that our decisions in *Billings* and *Jackson* are inconsistent. The cases before us today present facts that plainly are different from both *Billings* and *Jackson.* Appellants left their jobs in May and June 2002 after deciding to accept the voluntary-severance package offered by

their employer. At that time, ESD policy allowed former employees to receive unemployment benefits when they voluntarily left their jobs after taking a severance package in light of a reduction-in-force. When appellants decided to accept the severance package, they acted in reliance on that policy and the understandable belief that their lives would be more secure by leaving voluntarily with the severance package rather than waiting to see if the proverbial axe would fall. We hold, on these facts, that it would be unfair and inequitable for appellants to be denied unemployment benefits after they acted in reliance on explicit ESD policy.

For these reasons, we reverse the decision of the Board and remand this case for an award of benefits.

Reversed and Remanded.

STROUD, C.J., and HART, J., agree.

BAKER, J., concurs.

ROBBINS and VAUGHT, JJ., dissent.

KAREN R. BAKER, Judge, concurring. I concur in the majority's decision to reverse and remand this case for an award of benefits. As I discussed in my dissent in *Billings v. Dir.*, 84 Ark. App. 79, 133 S.W.3d 399 (2003), our court in *Jackson v. Daniels*, 267 Ark. 685, 590 S.W.2d 63 (Ark. App. 1979), set out what remained our policy for over twenty years that, even without the legislature's specific directive, those employees participating voluntarily in a permanent reduction in the work force were not disqualified from receiving benefits. *See Billings* at 86, 133 S.W.3d at 404 (2003) (Baker, J., dissenting). The majority in *Billings* characterized the 2003 amendment to Ark. Code Ann. § 11-10-513 as a change in public policy and asserted that the dissent was applying the amendment retroactively. As the majority in this case recognizes, prior to the change in ESD policy that gave rise to the denial of benefits in *Billings,* the explicit ESD policy allowed former employees to receive unemployment benefits when they voluntarily left their jobs after taking a severence package in light of a reduction in force. Therefore, the 2003 amendment was not a change in policy; rather, it was the legislature's response to the change in explicit ESD policy. For this reason, I maintain that *Billings* was wrongly decided when it was before this court and should be overruled.

Furthermore, under the facts of the present case, the 2003 amendment was unquestionably in effect at the time of the Board's decision to deny appellants benefits.[1]

JOHN B. ROBBINS, Judge, dissenting. I dissent from the majority's decision to reverse and remand for an award of benefits. In my opinion, this case should be reversed and remanded for additional findings of fact.

I agree with the majority to the extent that a claimant's reliance on an agency misrepresentation may be the basis for awarding unemployment benefits. In *Foote's Dixie Dandy v. McHenry*, 270 Ark. 816, 607 S.W.2d 323 (1980), the supreme court abandoned the principle that the State can never be estopped by the actions of its agents. Estoppel is not a defense that should be readily available against the State, but neither is it a defense that should never be available. *Id.* Estoppel should only be applied when there is clear proof of an affirmative misrepresentation by the agency, and there must be substantial evidence of a citizen's reliance upon the actions or statements of an agent. *See Arkansas Dep't of Human Servs. v. Estate of Lewis*, 325 Ark. 40, 922 S.W.2d 712 (1996).

In this case the appeal tribunal specifically found, "The workers were told they would be entitled to unemployment benefits based on information received from the local office of the department." The Board adopted the decision of the tribunal, and thus made the same finding. However, while this finding supports the conclusion that there had been a misrepresentation by the agency, the Board made no finding as to whether any of the claimants relied on the misrepresentation in opting for the severance package. Estoppel will protect a citizen only to the extent that he relied upon actions or statements by an agent of the State. *Foote's Dixie Dandy v. McHenry, supra.*

I acknowledge that some of the claimants indicated in their testimony that they took the severance package in reliance on assurances that they would be eligible for unemployment benefits. However, it is for the Board to judge the credibility of witnesses, *see Williams v. Director*, 79 Ark. App. 407, 88 S.W.3d 427 (2002), and the Board made no finding as to the veracity of this testimony.

---

[1] The effective date of the amendment to Ark. Code Ann. § 11-10-513 (Supp. 2003) was April 10, 2003, and the Board's decision in this case was dated April 24, 2003.

Moreover, some of the claimants gave other reasons for accepting the package. Neither Mr. Mynatt nor Mrs. Mynatt testified that they took the package in reliance on the agency's misrepresentation.

The long-standing rule is that when an administrative agency fails to make a finding upon a pertinent issue of fact, the courts do not decide the question in the first instance. *Alcoholic Beverage Control Bd. v. Hicks*, 19 Ark. App. 212, 718 S.W.2d 488 (1986). In such cases, the cause is remanded so that a finding can be made on that issue. *Id*. Because the Board failed to make any findings on the pertinent issue of whether there was any detrimental reliance on the part of any of the claimants, I would reverse and remand with directions to make such findings.

L ARRY D. VAUGHT, Judge, dissenting. The majority has reversed these unemployment cases and ordered an award of benefits by applying the doctrine of equitable estoppel. This theory was not raised below, no findings were made by the Board of Review on the necessary elements, and the appellants have not argued estoppel as a basis for reversal. In order to reach its decision, the majority has acted as both an advocate for the appellants and the finder of fact. Because I believe that those actions are beyond our authority and that the findings of the Board of Review are supported by the evidence, I would affirm.

As Judge Robbins points out in his dissenting opinion, the doctrine of equitable estoppel has been held to be available to apply against a state agency since the supreme court's decision in *Foote's Dixie Dandy v. McHenry*, 270 Ark. 816, 607 S.W.2d 373 (1980). It was first applied in an employment security case by this court in *Rainbolt v. Everett, Director*, 3 Ark. App. 48, 621 S.W.2d 877 (1981), where we reversed and remanded for further findings on the elements of estoppel. The doctrine has been sparingly used in the ESD context since then. *See Rankin v. Director*, 82 Ark. App. 575, 120 S.W.3d 169 (2003); *Wall v. Director*, 83 Ark. App. 424, 128 S.W.3d 480 (2003); *Wells v. Everett, Director*, 5 Ark. App. 303, 635 S.W.2d 294 (1982); *Jones v. Everett, Director*, 4 Ark. App. 169, 629 S.W.2d 305 (1982), *reversed by Everett, Director v. Jones*, 277 Ark. 162, 639 S.W.2d 739 (1982).

In each of the cases cited above, there was a discussion of the elements necessary to establish estoppel:

> (1) [t]he party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party

asserting the estoppel had a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and, (4) he must rely on the former's conduct to his injury.

*Wall, supra* at 427, 128 S.W.3d. at 481. The majority in the case at bar does not mention the elements and does not recite any findings to support them. Judge Robbins, in his dissent, suggests that the proper disposition would be to remand to the Board of Review for further findings on the elements of estoppel. I disagree.

I believe that the case should be affirmed based on the reasoning of the supreme court in *Everett, Director v. Jones, supra.* In that case the Arkansas Supreme Court reversed the court of appeals' decision, which had remanded to the Board of Review for an award of benefits based on findings of estoppel. The claimant had argued estoppel on appeal based on an allegation made in her notice of appeal that she had relied on information from the ESD about the timeliness of her actions seeking employment. This court, after discussing the elements of estoppel, held that the agency should be estopped to deny benefits and remanded for an award. *See Jones v. Everett, Director, supra.*

On review, the supreme court noted that the only evidence in the record of the agency's action with regard to the claimant was in the notice of appeal. The court cited *Foote's Dixie Dandy, supra,* for the proposition that estoppel could apply to state agencies but reasoned:

> However, this doctrine is to be applied against the State only when there is substantial proof and a compelling reason. Here there was no substantial proof of the only allegation of affirmative misconduct. That allegation was made in respondent's notice of appeal quoted above. In addition, the State was never given the opportunity to submit evidence to rebut the allegation.
>
> * * *
>
> The other reasons given by the Court of Appeals for applying the doctrine do not involve allegations of affirmative misconduct. They can be summarized as findings of unconscientiousness on the part of the administrative agency. Likewise, these issues were not fully developed below and there was no substantial proof of lack of unconscientiousness. Certainly, we do not intend that the Foote's doctrine be extended to a nebulous and indefinite situation where

the agent of the State has not clearly caused the claimant to believe that nothing more is necessary other than to return on the assigned date.

* * *

Before the State is estopped from applying this law there must be substantial evidence that the citizen relied upon actions or statements by an agent of the State.

*Everett, Director v. Jones, supra* at 166-67, 639 S.W.2d at 741.

The court then concluded that the evidence did not support estoppel and reversed the court of appeals and affirmed the Board of Review. In the case at bar the Board of Review made no findings beyond one nebulous sentence regarding an agency action which might form the basis for estoppel. There were no findings that the claimants relied on the statement, and there was testimony of only one claimant that could have been construed as alleging reliance.

Because there was substantial evidence to support the findings of the Board of Review denying benefits to these claimants pursuant to our holding in *Billings v. Director,* 84 Ark. App. 79, 133 S.W.3d 399 (2003), and because the issue of estoppel is not appropriately before this court, I would affirm.