John WHITFORD *v.* Charles DANIELS,
Commissioner of Labor, et al

77-374                                    563 S.W. 2d 469

Opinion delivered April 3, 1978
(Division I)

*Gilbert L. Glover, Paula Casey* and *William Massey,* of Legal
Aid Bureau of Central Ark., for appellant.

*Thelma M. Lorenzo,* for appellees.

DARRELL HICKMAN, Justice. This is an appeal from an order of the Garland County Circuit Court affirming a decision by the Board of Review of the Arkansas Employment Security Division.

John Whitford was employed by the National Parks Service during the summer of 1976. When his seasonal employment was terminated he applied for unemployment benefits. He received those benefits until it was later determined that, through no fault of his own, he had been overpaid $231.00. His employer originally reported that he had received wages during two quarters when, in fact, he had worked in two quarters but been paid in only one quarter. It is necessary to work in and be paid in two quarters to be eligible for unemployment compensation benefits. Ark. Stat. Ann. § 81-1105(e)(1) (Repl. 1976).

Whitford was mailed a form by the Employment Security Division notifying him that a redetermination had been made as to the number of quarters in which he was paid. Since Whitford had a job at that time he ignored the notice. He later received an overpayment determination notice.

After a hearing on this second notice, the referee for the Employment Security Division held that Whitford was not entitled to the money and would have to repay it. This decision was affirmed by the Board of Review and the Garland County Circuit Court. We agree.

Whitford alleges two errors on appeal: that the original notice of redetermination did not notify him that he could be required to pay the money back; and, that since the overpayment was not Whitford's fault, the order requiring him to repay the money was invalid and is against equity and good conscience.

We will not consider the first argument because the notice from the Employment Security Division to Whitford of redetermination of his wages is not in the trial record. Part of that notice was reproduced by the appellant in his brief; however, we do not consider any matters outside the record

and it is improper to argue or reproduce anything that is not in the trial record.[1]

On review of decisions from the Board of Review of the Employment Security Division we look to see if the findings of the Board of Review are supported by substantial evidence. *Terry Dairy Products Company, Inc.* v. *Cash,* 224 Ark. 576, 275 S.W. 2d 12 (1955).

Whitford argues that he should not be required to repay the money. A repayment can be waived because of undue hardship, or because it would be against equity and good conscience to require repayment. Ark. Stat. Ann. § 81-1107 (f)(2) (Repl. 1976). The referee indicated that Whitford could not raise this issue because an appeal had not been filed from the notice of wage redetermination. However, he permitted Whitford to testify about his financial condition. After Whitford testified about his financial situation, the referee ordered the repayment. It was brought out that Whitford had $4,000 in savings.

We cannot say that the Board of Review's decision is not supported by substantial evidence.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.

---

[1] We declined to permit the parties to submit the document after oral argument.