Robert GILES *v.* DIRECTOR OF LABOR

E 81-48                                          621 S.W. 2d 10

Court of Appeals of Arkansas
Opinion delivered September 16, 1981

*James R. Cromwell* of *Central Arkansas Legal Services*, for appellant.

*Carolyn Parham*, for appellee.

MELVIN MAYFIELD, Chief Judge. The appellant was paid $186.00 in unemployment benefits by the Arkansas Employment Security Division to which he was not entitled. The agency issued an overpayment determination requiring the repayment of the benefits and the appellant appealed. The Appeal Tribunal upheld the agency, the Board of Review agreed, and appellant has now appealed to this court.

Ark. Stat. Ann. § 81-1107(f)(2) (Repl. 1976) provides as follows:

> If the Director finds that any person has received any amount as benefits under this act to which he was not entitled by reasons other than fraud, wilful misrepresentation, or wilful nondisclosure of facts, such person shall be liable to repay such amount to the fund or in lieu of requiring the repayment, the Director may recover such amount by deduction from any future benefits payable to such person under this act unless the Director finds that the overpayment was received without fault on the part of the recipient and its recovery would be against equity and good conscience. Provided further, that any person held liable to repay such an amount to the fund or to have such amount deducted from any future benefits payable to him shall not be liable to repay such amount nor shall recovery be made from any future benefits after one [1] year from the date the determination of the amount of the overpayment becomes final within the meaning of the provisions of subsection (d)(5) of this section.

The appellant does not contest the determination of overpayment but contends that he should not be required to repay the amount received because of that portion of the above provision which allows repayment to be excused if the director finds that the overpayment was received "without fault on the part of the recipient and its recovery would be against equity and good conscience."

The appeals referee held, and the board agreed, that the claimant was paid benefits to which he was not entitled because of a disqualification to receive benefits for a certain period. The reason for the disqualification is not specifically stated in either the referee's or the board's decision. However, in answer to a question by the appellant, the referee referred to a section of the statutes, and said, "It says that if you are disqualified for misconduct in connection with the work" and went ahead to explain the statute.

The reason for the disqualification, however, does not

appear to be an issue in this appeal since appellee's brief admits that the appellant was without fault in the overpayment. As stated in appellee's brief "The sole issue on appeal is whether recovery of the $186.00 by the Employment Security Division would be against equity and good conscience."

In that regard there is very little evidence in the record. The evidence does show that the appellant was drawing food stamps, that he and his wife were both unemployed, he couldn't pay his rent, his car was broken down and he couldn't get it fixed.

Even though appellant's testimony cannot be taken as undisputed, it cannot be arbitrarily disregarded and there appears no reason why it should not be regarded as true. If we accept as a fact that appellant was without fault in the overpayment and that his employment and financial situation is as he testified, there is no evidence to support a finding that repayment would not be against equity and good conscience.

The decision appealed from is reversed. The appellant does not have to repay the $186.00 and it cannot be deducted from future benefits.

CLONINGER, J., dissents.

CORBIN and GLAZE, JJ., concur.

DONALD L. CORBIN, Judge, concurring. I concur with the majority's opinion.

The Arkansas Supreme Court has held that a recipient may be required to repay unemployment benefits erroneously received even if the claimant is not at fault. *Whitford* v. *Daniels*, 263 Ark. 222, 563 S.W. 2d 469 (1978). The *Whitford* case indicated that one factor in determining equity and good conscience is the financial condition of the claimant. The claimant in *Whitford* was required to make repayment based on his testimony that he had a $4,000 savings account.

The objectives of employment security legislation were enunciated by the Supreme Court of the United States in *California Department of Human Development* v. *Java*, 402 U.S. 121 (1971). "Unemployment benefits," the Court stated, "provide cash to a newly unemployed worker at a time when otherwise he would have nothing to spend, serving to maintain the recipient at subsistence levels without the necessity of his turning to welfare or private charity." Just as achievement of these objectives require prompt payment of benefits, so it must require the Employment Security Agency, in equity and good conscience, not to recover overpaid benefits from a claimant already living at bare subsistence level.

More than just a showing of hardship, however, may provide the necessary showing that equity and good conscience bar recovery of an overpayment. In *Gilles* v. *Department of Human Resources Development*, 113 Cal. Rptr. 374, 521 P. 2d 110 (1974), the Supreme Court of California construed a provision of the California Employment Security Act similar to Ark. Stat. Ann. § 81-1107(f)(2) (Repl. 1976). The California court found that, in determining whether equity and good conscience required waiver of recovery of overpayments, the employment agency should consider a number of elements. These included:

(1)   the cause of the overpayment;

(2)   whether the claimant received only normal unemployment benefits or some extra duplicative benefits;

(3)   whether the claimant changed his position in reliance upon the receipt of benefits; and

(4)   whether recovery of the overpayment, by imposing extraordinary hardship on the claimant, would tend to defeat the objectives of the Employment Security Act.

While I have no objection to the result of the majority opinion, I think it would be best to remand this matter to the Board of Review for another hearing and a determination

setting out the specific factors which the Board uses in deciding the issue of equity and good conscience.