## Luvada VAUGHN *v.* William F. EVERETT, Director of Labor

E 81-363                                     633 S.W.2d 401

Court of Appeals of Arkansas
Opinion delivered May 26, 1982

*Hunt Law Office,* by: *Zenola M. Hilliard,* for appellant.

*Bruce Bokony,* for appellee.

TOM GLAZE, Judge. The question on this Employment Security benefits appeal is whether the Board of Review was correct in its findings that appellant should be required to reimburse the Employment Security Agency for an overpayment made to her.

The appellant applied for benefits and was found to be disqualified by the Agency. Upon appeal to the Appeal

Tribunal, the appellant was granted benefits of $70 per week. The employer appealed this determination and the Board of Review reversed the decision of the Appeal Tribunal. The Court of Appeals affirmed the decision of the Board of Review.

The Board of Review found that the appellant was paid a total of $840 in benefits. A hearing was held to determine whether the appellant was paid benefits to which she was not entitled and whether it would be against equity and good conscience to require her to repay that amount.

The facts, as developed at the hearing below, are that the appellant worked for Watson Chapel School District as a school teacher before her termination. She was married and her husband had an annual income of $14,000 per year. The appellant and her husband owned their own home and she owned a car.

There was no finding that the overpayments made to the appellant were due to fraud, misrepresentation, willful nondisclosure or other fault on the part of the appellant. However, fault, if it be that, of the Employment Security Division, in making the overpayment does not necessarily prevent recovery. A recovery of overpayment may be required so long as it does not violate the standard of "equity and good conscience." This standard requires the trier of fact to draw upon precepts of justice and fairness as opposed to the application of rigid or specific rules. In applying the "equity and good conscience" standard, the factfinder may consider such matters as whether claimant received notice that he would be liable to repay any overpayments, whether the claimant received only normal unemployment benefits or some extra duplicated benefit, whether the claimant changed his position in reliance upon receipt of the benefit, the cause of the overpayment, and whether recovery of the overpayment would impose extraordinary hardship on the claimant. From the evidence before us, and the standard to be applied in repayment cases, we are unable to say that there was no substantial evidence to support the Board's decision to require appellant to repay benefits. Here, appellant was initially denied benefits by the Agency and had some reason

to know that her claim was in dispute during the period it was on review. Moreover, the facts fail to show she changed her position in reliance upon receiving the benefits nor does the evidence indicate that the recovery of the overpayment will serve to impose an extraordinary hardship on appellant. As we previously stated, appellant and her husband own their home and car and continued to receive a family income of $14,000 per year even after appellant became unemployed. For these reasons, we affirm the Board's decision.

Affirmed.