Lori HUNT *v.* DIRECTOR, Employment Security
Department

E 95-97                                            942 S.W.2d 873

Court of Appeals of Arkansas
Division I
Opinion delivered April 30, 1997

*Easley, Hicky, Cline & Hudson,* by: *Preston G. Hickey,* for appellant.

*Phyllis Edwards,* for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Lori Hunt appeals the decision of the Board of Review, which allowed the Employment Security Division to recoup overpayments previously made to her. She applied for and was awarded unemploy-

ment compensation benefits for a period of twenty-four (24) weeks. Incorrect reports of income by appellant while she was receiving benefits resulted in an overpayment to her. Fraudulent misreporting was attributed to appellant.

She appealed the determination of fraud and the amount of overpayment to the Appeal Tribunal, and after affirmation, to the Board of Review. The Board of Review determined (1) that the finding of fraud was final as it had not been timely appealed, and (2) that the Arkansas Employment Security Department's calculation of overpayment was correct. This appeal resulted.

■ On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. *George's Inc. v. Director*, 50 Ark. App. 77, 900 S.W.2d 590 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Our review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

The record reveals that appellant was employed by the Daggett Law Firm in Marianna, Arkansas, but was terminated in June 1992. Upon termination, she qualified for and began drawing unemployment benefits. During the period of benefits, she obtained variable employment that reduced the amount of unemployment benefits to which she was entitled. Appellant admits that some weeks she unintentionally reported net income instead of gross income. Appellant asserts that she overreported income during some benefit periods to make up for underreporting errors. The record reflects that she did not go to the local employment security office to clear up misreportings. The variations in income resulted in an actual benefit overpay of $548.00, according to her computation. Appellant agrees that she owes monies, but she denies that appellee correctly calculated the amount owed. Appellant asserts that by her calculation she owes $548.00 in actual benefit overpay, whereas appellee found that she owes $1,365.00, the total weekly benefits she received during fraudulent report periods.

The appeal before us is confined only to the issue of whether overpayment is due; the fraud determination is not properly before us. On September 8, 1994, appellant was mailed a determination that she had been disqualified based upon a finding of fraud. On September 22, 1994, a notice of fraud overpayment determination was mailed. Each notice letter included the standard appeal time limit of twenty days. Appellant's notice of appeal was filed on October 10, 1994. Therefore, notice of appeal was timely filed as to the overpayment determination, but not as to the fraud determination. The Board of Review stated in its opinion: "The controlling issue of fact in this overpayment matter is whether the claimant received the benefits at issue." Appellant admits she received all her benefit checks. The Board affirmed the lower tribunal in finding that appellant did receive the unemployment benefits during the period she had fraudulently reported income.

Appellant believes that the applicable statute should be construed to only require repayment of the actual amount of overpayment after calculating unreported income. Appellee maintains that the Board of Review was correct and that the statutes in Title 11, Chapter 10, read together, require that a finding of fraud disqualifies appellant from receiving *any* benefits during that period. Appellee refers us to Ark. Code Ann. § 11-10-519(2)(A) (Repl. 1996), which provides that a claimant shall be disqualified from benefits for any week as to which the claimant has willfully made false representations. Also pertinent to this case, and cited by both parties, is Ark. Code Ann. § 11-10-532(a)(1) (Repl. 1996), the statute on recovery of benefits, which states:

> If the Director of the Arkansas Employment Security Department finds that any person has made a false statement or misrepresentation of a material fact knowing it to be false or has knowingly failed to disclose a material fact and as a result of either action has received ANY AMOUNT as benefits under this chapter to which he was not entitled, then the person shall be liable to repay THE AMOUNT to the fund, or in lieu of requiring repayment, the director may recover THE AMOUNT by deductions from any future benefits payable to the person under this chapter. (Emphasis added).

Reading these two statutes together, the Board of Review determined that since it was undisputed that appellant had received benefits, she was bound to return those benefits in their entirety. Her disqualification based upon fraud compelled this determination. It is beyond the scope of this appeal for appellant to argue whether her misrepresentations were intentional or not.

We agree that the sum due was the total benefits she received while disqualified. Appellant cites no legal authority other than the text of Ark. Code Ann. § 11-10-532 (Repl. 1996) to persuade us otherwise. The interpretation advanced by appellant would provide no deterrent to fraudulent reports. Furthermore, such an interpretation would create a disharmony within a chapter of our statutes dealing with employment security law. This result would be undesirable and inappropriate.

Affirmed.

STROUD and CRABTREE, JJ., agree.