Jerry TRIGG *v.* DIRECTOR

E 00-34                                    34 S.W.3d 783

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered December 20, 2000

*Appellant*, pro se.

*Alan Pruitt*, for appellee.

OLLY NEAL, Judge. Jerry Trigg (appellant) appeals the Board of Review decision that determined appellant liable to repay $1,155.00 under Ark. Code Ann. § 11-10-532 (b)(1997). The Board of Review made this determination based upon a finding that appellant received benefits to which he was not entitled, and that it would not violate equity and good conscience to require repayment. We affirm.

The relevant facts are as follows. The appellant received $1,155 of unemployment insurance benefits for the period of May 1, 1999, through June 19, 1999. He was later disqualified for that period by a decision of the Appeal Tribunal. This decision was not appealed and became final. At the time of the hearing on the repayment question appellant was unemployed. His wife was earning $30 per week. Their monthly expenses for necessities were approximately $1,000. They owned their own home. They also owned a 1993 Buick Regal and a 1992 Nissan pickup, both paid-in-full. They had about $14,000 in savings.

■ On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. *Hunt v. Director*, 57 Ark. App. 152, 942 S.W.2d 873 (1997). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* Our review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.* We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *See Feagin v. Everett*, 9 Ark. App. 59, 652 S.W.2d 839 (1983). Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *See Perdrix-Wang v. Director*, 42 Ark. App. 218, 856 S.W.2d 636 (1993).

The relevant code section, Ark. Code Ann. § 11-10-532 (b)(1)(1997), is as follows:

> (A) If the director finds that any person has received any amount as benefits under this chapter to which he was not entitled by reasons other than fraud, willful misrepresentation, or willful non-disclosure of facts, the person shall be liable to repay the amount of the fund.

> (B) In lieu of requiring the repayment, the director may recover the amount by deduction from fifty percent (50%) of any future benefits payable to the person under this chapter unless the director finds that the overpayment was received without fault on the part of the recipient and that *its recovery would be against equity and good conscience* (Emphasis added.)

■ In *Pritchett v. Director of Labor*, 5 Ark. App. 194, 634 S.W.2d 397 (1982), we said:

> If appellant has been paid benefits to which she was not entitled, due process requires that her liability to repay the amount so received must be determined after she has been afforded the opportunity of a hearing after proper notice, upon issues set out in [applicable Arkansas Code Section] (citations omitted).

Here appellant does not claim that he has not been afforded a hearing on the issues set out in Ark. Code Ann. § 11-10-532 (b)(1), he simply disagrees with the findings resulting from that hearing.

The appellant does not contest the determination of overpayment but contends that he should not be required to repay the amount received because of that portion of the above provision that allows repayment to be excused if the director finds that the overpayment was received "without fault on the part of the recipient and its recovery would be against equity and good conscience."

The appeals referee held, and the Board agreed, that the claimant was paid benefits to which he was not entitled because of a disqualification to receive benefits for a certain period. The reason for the disqualification is not specifically stated in either the referee's or the board's decision. "The sole issue on appeal is whether recovery of the $1,155 by the Employment Security Division would be against equity and good conscience."

The Arkansas Supreme Court has held that a recipient may be required to repay unemployment benefits erroneously received even if the claimant is not at fault. *Whitford v. Daniels*, 263 Ark. 222, 563 S.W.2d 469 (1978). The *Whitford* case indicated that one factor in determining equity and good conscience is the financial condition of the claimant. The claimant in *Whitford* was required to make repayment based on his testimony that he had a $4,000 savings account.

On appellate review of the application of the law to the facts in this case we affirm the Board of Review.

BIRD, KOONCE, and STROUD, JJ., agree.

ROBBINS, C.J., and GRIFFEN, J., dissent.

WENDELL L. GRIFFEN, Judge, dissenting. I respectfully dissent from the decision to affirm the Board of Review's decision upholding recovery of $1,155 in unemployment benefits overpaid to this appellant through no fault of his own in the face of clear, undisputed, and compelling proof that recovery would be against equity and good conscience. Appellant was overpaid $1,155 in unemployment benefits covering the period from 1 May through 19 June 1999 through no fault of his own. He is totally unemployed and disabled. His wife earns $30 weekly. Their household expenses for necessities exceed $1000 each month. They own their home and have savings of approximately $14,000.

Arkansas Code Annotated Section 11-10-532(b)(1)(A) (Supp. 1999) provides that if the director of the Arkansas Employment

Security Department finds that a person has received benefits to which he was not entitled by reasons other than fraud, willful misrepresentation, or willful nondisclosure of facts, the person shall be liable to repay the amount. Sub-section (B) states that on and after July 1, 1999, the director, in lieu of requiring repayment, may recover the amount by deduction of any future benefits payable to the person "unless the director finds that the overpayment was received without fault on the part of the recipient *and that its recovery would be against equity and good conscience.*" (Emphasis added) Any person held liable for repayment is subject to having any state income tax refund to which he may be entitled intercepted. *See* Ark. Code. Ann. § 11-10-532(c) (Supp. 1999).

Appellant needs every penny of his savings for subsistence. If he somehow is entitled to a state income tax refund, he needs every penny to help his household survive. He should not be forced to mortgage his house, sell his car, or take what amounts to more than a month of his living expenses out of his savings when the government plainly has the power to excuse repayment due to his desperate situation.

I would take a very different view if the facts were not so clear and compelling. We are not dealing with someone who is working or likely to return to work so as to be able to repay the overpayment or obtain additional earnings from which the overpayment may be recovered. The fact that appellant was not entitled to the overpayment is beside the point. The statute contemplates this very scenario whereby a person overpaid unemployment benefits without fault on his part may be excused by the director on a finding that recovery of the overpayment would be against equity and good conscience.

I see nothing equitable or conscionable about extracting overpaid benefits from a disabled unemployed worker whose household expenses exceed $1,000 each month and who is trying to survive on $30 weekly that his wife earns. Therefore, I would reverse the Board of Review.

Chief Judge ROBBINS has authorized me to state that he joins this opinion.