Casey M. TILSON  v.
DIRECTOR, Arkansas Employment Security Department

E 05-6                                                 208 S.W.3d 819

Court of Appeals of Arkansas
Opinion delivered May 18, 2005

*Appellant,* pro se.

*Phyllis A. Edwards,* for appellee.

ANDREE LAYTON ROAF, Judge. Appellant, Casey M. Tilson, received $1274 in unemployment insurance benefits to which she was not entitled, without fault on her part. The overpayment occurred when the Arkansas Employment Security Department (the Department) failed to timely investigate employment information she accurately and timely reported. The Board of Review affirmed the Department and the Appeal Tribunal's decision holding Tilson liable to repay the overpaid benefits on the finding that, although Tilson received benefits to which she was not entitled without fault on her part, it would not violate equity and good conscience to require repayment of the overpaid amount. We reverse and dismiss.

In its opinion the Board stated that Tilson's family consists of Tilson, her spouse, and two daughters, ages two and six, that the sole family income is the spouse's $300 per week net income

($1300 per month)[1] and that the family has "recurring monthly expenditures" of between $1000 and $1100. The Board concluded that the record established that Tilson's household income was more than sufficient to meet normal recurring monthly expenses and that it would not violate equity and good conscience to require repayment.

On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. *Trigg v. Director*, 72 Ark. App. 266, 34 S.W.3d 783 (2000); *Hunt v. Director*, 57 Ark. App. 152, 942 S.W.2d 873 (1997). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* Our review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.* We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *See Feagin v. Everett*, 9 Ark. App. 59, 652 S.W.2d 839 (1983). Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *See Perdrix-Wang v. Director*, 42 Ark. App. 218, 856 S.W.2d 636 (1993).

The relevant code section, Ark. Code Ann. § 11-10-532(b)(1) (2002), is as follows:

> (b)(1)(A) If the director finds that any person has received any amount as benefits under this chapter to which he or she was not entitled by reasons other than fraud, willful misrepresentation, or willful nondisclosure of facts, the person shall be liable to repay the amount to the fund.
>
> (B) In lieu of requiring the repayment, the director, on and after July 1, 1999, may recover the amount by deduction of any future benefits payable to the person under this chapter unless the director

---

[1] We note that the Tilson's income of $15,600 annually is substantially "below the U.S. Census Department's 2004 poverty threshold for a family of four, which is $19,157. *United States Census Bureau Poverty Thresholds 2004* at www.census.gov/hhes/poverty/threshld/thresh04.html. Tilson's income is also substantially below the poverty guidelines set out by the United States Department of Health and Housing Services for 2004. *HHS Poverty Guidelines* 60 Fed. Reg. 7336-38 (Feb. 13, 2004).

finds that the overpayment was received without fault on the part of the recipient and that its recovery would be against equity and good conscience.

In determining whether repayment would violate the standard of equity and good conscience, the fact finder may consider such matters as whether claimant received notice that he would be liable to repay any overpayments, whether the claimant received only normal unemployment benefits or some extra duplicated benefits, whether the claimant changed his position in reliance upon the receipt of the benefits, the cause of the overpayment, and whether recovery of the overpayment would impose extraordinary hardship on the claimant. *Vaughn v. Everett*, 5 Ark. App. 149, 633 S.W.2d 401 (1982). The scope of our judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it; we may not substitute our findings for those of the Board even though we might have reached a different conclusion had we made the original determinations upon the same evidence. *Shipley Baking Co. v. Stiles*, 17 Ark. App. 72, 703 S.W.2d 465 (1986). This is not to say, however, that our function on appeal is merely to ratify whatever decision is made by the Board. It is essential that the Board's findings of fact be supported by substantial evidence upon which a particular conclusion could reasonably have been reached. We are not at liberty to ignore our responsibility to determine whether the standard of review has been met. *Id.*

Here, the Board determined that it would not impose a substantial hardship to require repayment, and that the repayment would not violate equity and good conscience. Without departing from the limitations placed on the scope of our review, we cannot see how the Board could reasonably reach its decision based upon the evidence that was before it. While the Board has adopted the two total sums for monthly income and expenses found by the Appeal Tribunal, the evidence reflected that for two of the major expense items, Tilson provided amounts that were "minimum." She testified that her current electric bill was $115 but that it was over $300 monthly in the winter, and that food for the family was $200 "minimum." Moreover, there was no consideration given for repayment of the preexisting debts testified to by Tilson. We distinguish this case from *Trigg v. Director, supra*, in which this court affirmed the Board of Review's decision requiring repayment of $1155 in benefits where the claimant and his

spouse had substantially less monthly income than monthly expenses. However, we noted that Trigg had $14,000 in savings, citing *Whitford v. Daniels*, 263 Ark. 222, 563 S.W.2d 469 (1978), in which the supreme court upheld the decision requiring repayment based upon the claimant's testimony that he had $4000 in savings, a factor not present in the case before us. Because we are unable to reconcile the Board's findings of expenditures of only $1000 to $1100 with the facts in the record, and there was no evidence that Tilson had any savings, we conclude that the Board's decision in this case is not supported by substantial evidence.

Reversed and Dismissed.

NEAL and CRABTREE, JJ., agree.