# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** E-13-40

| | |
|---|---|
| | **Opinion Delivered** October 9, 2013 |
| EUGENE WORDEN<br>APPELLANT | APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2012-BR-03276] |
| V. | |
| DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES<br>APPELLEE | AFFIRMED |

## RHONDA K. WOOD, Judge

Appellant Eugene Worden received $6507.00 in unemployment insurance benefits to which he was not entitled through no fault of his own. The payment occurred because Worden was initially awarded benefits following his discharge from employment, but the Board of Review overturned the Appeal Tribunal's decision. He requested a waiver to avoid repayment, but was denied by both the Tribunal and the Board of Review. He contends on appeal that the Board erred in finding it did not offend equity and good conscious to require him to repay the $6507.00. We disagree and affirm.

Worden was discharged from employment, and he applied for unemployment benefits. The Appeals Tribunal confirmed the initial decision to award him benefits. The employer appealed, and the Board found Worden had been discharged for misconduct at work that resulted in the injury of a client and was not entitled to benefits. The Board mailed Worden the decision reversing the grant of benefits, though Worden claimed that

he never received this notice. Worden did receive a Notice of Right to Request a Waiver of Potential Overpayment and a Notice of Non-Fraud Overpayment. Worden then participated in a single-party hearing and gave testimony regarding the overpayment and its impact on his finances. The Board found that Worden was liable for repaying the overpayment of benefits. This appeal followed.

The sole issue on appeal is whether the Board erred in affirming the determination that it did not violate equity and good conscience to require Worden to repay the overpayment amount.

The findings of fact by the Board of Review are conclusive if they are supported by substantial evidence. *Tilson v. Director*, 91 Ark. App. 111, 112, 208 S.W.3d 819, 821 (2005). Substantial evidence is evidence such that a reasonable mind might accept as adequate to support a conclusion. *Id.* Our review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.* We review evidence and all reasonable inferences in the light most favorable to the Board's findings. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

The relevant code section, Arkansas Code Annotated Section 11-10-532(b)(1) (Repl. 2012), states as follows:

> If the director finds that a person has received an amount as benefits under this chapter to which he or she was not entitled by reasons other than fraud, willful misrepresentation, or willful nondisclosure of facts, the person is liable to repay the amount to the fund.

Furthermore, Arkansas Code Annotated Section 11-10-532(b)(2) states:

In lieu of requiring the repayment, the director may recover the amount by deduction of any future benefits payable to the person under this chapter unless the director finds that the overpayment was received without fault on the part of the recipient and that its recovery would be against equity and good conscience.

In deciding whether repayment would violate the standards of equity and good conscience, the fact finder may consider such matters as whether claimant received notice that he would be liable to repay any overpayments, whether the claimant received only normal unemployment benefits or some extra duplicated benefits, whether the claimant changed his position in reliance upon the receipt of the benefits, the cause of overpayment, and whether the recovery of overpayment would impose extraordinary hardship on the claimant. *Vaughn v. Everett*, 5 Ark. App. 149, 633 S.W.2d 401 (1982).

In the present case, Worden argues that requiring repayment would be against equity and good conscience since it would impose an extraordinary hardship on him and his wife because they have limited financial resources and did not receive notice of the Board's reversal. Worden lives with his wife and grandson, and according to his testimony, receives approximately $3426.00 a month in Social Security benefits along with a military pension. He testified that he has difficulty paying his approximately $2454.00 in monthly expenses. Worden also testified that his wife receives food stamps to help feed their grandson. Worden argues that obtaining any future employment is unlikely since he and his wife are both retired.

Worden argues his situation is analogous to the one found in *Tilson v. Director*, 91 Ark. App. 111, 208 S.W.3d 819 (2005). Appellant's family had a monthly income of approximately $1300.00 with "reoccurring monthly expenditures" between $1000.00 and $1100.00. Worden's situation is significantly different from that in *Tilson*. In *Tilson*, the

appellant's income was below the national poverty line, and the expenses either equaled or exceeded the monthly income (The court considered that the estimated expenses were based on minimum monthly payments and thus could be larger than indicated.). *Id.* at 111–112, 208 S.W.3d at 820–821. Worden, in contrast, has a fixed income over twice of that in *Tilson*, a smaller household, and has a significant monthly income remaining after paying expenses. Worden also testified that he does not have a mortgage on his home, and it is worth approximately $40,000.00.

Worden also argues that he did not receive notice of the Board's reversal of his benefits award, and this lack of notice prevented him from appealing the Board's finding. While Worden may not have in fact received the notice, the Board did send notification to Worden's correct address, thereby fulfilling its legal obligation to provide notice. Ark. Code. Ann. § 11-10-522(d)(1)(A) ("Notice of any monetary determination upon an initial claim shall be promptly given to the claimant, by delivery or by mailing the notice to his or her last known address."). We note that all other correspondence and notifications sent by the Board did successfully reach Worden at the same address.

Upon review, there is substantial evidence in the record supporting the Board's finding requiring repayment of the overpayment of benefits and that recovery would not be against equity and good conscience.

Affirmed.

GRUBER and HIXSON, JJ., agree.

*Kearney Law Office*, by: *Jason P. Kearney*, or appellant.

*Phyllis A. Edwards*, for appellee.