Cite as 2019 Ark. App. 498

# ARKANSAS COURT OF APPEALS

DIVISIONS I & II

**No.** E-19-61

| | |
|---|---|
| SHATARRA WELCH | **Opinion Delivered** October 30, 2019 |
| APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | [NO. 2019-BR-00069] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, AND MOTEL 6 | REVERSED AND REMANDED |
| APPELLEES | |

## N. MARK KLAPPENBACH, Judge

Shatarra Welch appeals from the finding of the Arkansas Board of Review that she is disqualified from receiving unemployment benefits. The Board found that Welch voluntarily left her employment at Motel 6 without good cause connected with the work. Because this finding is not supported by substantial evidence, we reverse and remand.

On appeal, we review the findings of the Board in the light most favorable to the prevailing party, reversing only when the Board's findings are not supported by substantial evidence. *Davis v. Dir.*, 2013 Ark. App. 515. Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence on which the Board might have reached a different decision, the scope of our judicial review is limited to a determination of whether the Board could reasonably reach its decision on the evidence before it. *Id.* Issues of credibility of the witnesses and weight to be afforded their testimony are matters for the Board to determine. *Id.*

Although the employer did not appear at the hearing before the Appeal Tribunal, the evidence submitted below by both the employer and Welch demonstrates that she was discharged and did not quit. The "discharge" form submitted by the employer states that Welch was discharged for "absence, tardy, no-call no-show, unreliable" and provides that the "final decision" was made on October 8. The employer also submitted two letters that both state Welch was "terminated due to reliability issues." One letter provides a timeline of Welch's attendance at work from October 1 to October 8 and states that "[i]n addition to above the employee used to be late to come to work quite often and due to these problems we decided to terminate the employee." The letter goes on to note that Welch reached out to one of the employer's front-desk staff on October 12, that the employer offered to meet with her, and that Welch said she could not come to the motel during the offered times. The letter states that "[i]f she wanted to be reconsidered she could have made an effort to come during daytime and speak to the owner."

As with the employer, Welch submitted a form below stating that she was discharged for absenteeism on October 8. She wrote on the form and testified at the hearing that she received a text message from the manager on October 8 telling her "do not return to work." Welch testified that an employee who was not a member of management later proposed that Welch come in between 3:00 and 4:00 p.m. on October 12. Welch did not go because a manager had already told her not to return, and the employee did not tell her that she had spoken to management on Welch's behalf.

Arkansas Code Annotated section 11-10-513(a)(1) (Repl. 2012) provides that an individual shall be disqualified for benefits if she voluntarily and without good cause

2

connected with the work left her last work. The Board found that Welch did not show a good-faith effort to remain employed because she refused to meet with the owner to discuss her return to work after the October 12 communication. This finding is not supported by substantial evidence because the evidence shows that Welch had already been discharged by October 12. Both Welch and the employer stated that she was discharged on October 8; thus, her failure to meet with the employer after October 12 to be "reconsidered" is irrelevant. Accordingly, we reverse and remand for the Board to determine whether the circumstances of Welch's discharge entitle her to benefits in accordance with Arkansas Code Annotated section 11-10-514 (Supp. 2017).[1]

Reversed and remanded.

ABRAMSON, GLADWIN, WHITEAKER, and HIXSON, JJ., agree.

BROWN, J., dissents.

**WAYMOND M. BROWN, Judge, dissenting**. For the following reasons, I must dissent from the majority's decision to reverse and remand without an order for additional evidence to be reviewed by the Board. The plain text of Arkansas law provides that additional evidence may be ordered before the Board so that it may modify its findings of fact or conclusions.

---

[1]The decision to reverse and remand is made without considering the additional evidence discussed in the dissent. We have quoted not from Welch's text messages but from her testimony and the form she submitted to the Department of Workforce Services. In considering this evidence and the other evidence that was before the Board, we must reverse the Board's decision. On remand, Welch is free to petition the Board to take additional evidence pursuant to Arkansas Code Annotated section 11-10-525(c) (Repl. 2012).

On her appeal to this court, Welch provided additional text messages as evidence that she had been discharged by her employer and that she had not voluntarily left her workplace. The additional text messages, dated October 8, 2018, were from her employment manager. The manager sent these messages after Welch's daughter had informed the manager that Welch would be absent from work on that day. The first message stated, "So I am aware that you won't be coming to sign the termination notice. But it will be mailed to you." The manager immediately followed this message with "don't come back to work."

Arkansas Code Annotated Section 11–10–529(c)(2)(A) provides that no additional evidence shall be received by the court. However, this same provision provides that "the court may order additional evidence to be taken before the Board."[1] "The Board may, after hearing the additional evidence, modify its findings of fact or conclusion and file the additional or modified findings and conclusions, together with a certified transcript of the additional record, with the clerk."[2] In *Jones*[3], this court did not order additional evidence to be reviewed by the Board; however, this court did state that "[t]his court does not consider additional evidence filed *except* as ordered by this court and directed to the Board of Review pursuant to Ark. Code Ann. § 11–10–529(c)(2)(A)."

---

[1]Ark. Code Ann. § 11-10-529(c)(2)(A) (Supp. 2017).

[2]Ark. Code Ann. § 11-10-529(c)(2)(B).

[3]*Jones v. Dir. of Ark. Emp't Sec. Dep't.*, 61 Ark. App. 155, 156, 965 S.W.2d 789, 790 (1998) (emphasis added).

Thus, the plain text of Arkansas law provides that this court may order the Board to review evidence in circumstances such as the one faced in this case so that the Board may modify its findings of fact or conclusions. Even though the majority chose not to order that the additional evidence be reviewed by the Board, it quoted part of the additional evidence as part of its reasoning. This quotation of the additional evidence proves that the evidence is clearly relevant for the majority's decision to remand the case to determine whether the appellant was discharged for misconduct in connection with the work. Yet, the majority decided not to utilize the authority granted by statute in this case. Instead, the majority decided to reverse and remand this case to determine whether the appellant was discharged for misconduct in connection with the work without the additional evidence quoted by the majority.

Furthermore, the text messages are relevant to the determination of whether the appellant was discharged for misconduct connected to the workplace. The employer stated that Welch was discharged for "reliability issues." The text messages include conversations about prior scheduling issues that could be relevant for the Board's determination. By ordering the additional evidence to be reviewed by the Board, this court would not be deciding the weight of the additional evidence. Instead, this court's order, authorized by statute, would allow the Board to weigh the additional evidence so that it may review all relevant evidence to decide whether Welch was discharged for misconduct in connection with the work.

The majority appears to be concerned that ordering the Board to consider additional evidence would open the floodgates for future cases. This concern is quelled by the

narrowness of the scope in which the order would apply. The key in this case, as would be in future cases, is that the evidence was not readily available to Welch at the time of her filing for employment benefits or during her appeal. During the course of her appeal, Welch stated on the record that she was working with her service provider's legal department to retrieve copies of the text messages in order to add them to the record as evidence. Welch was told that these additional text messages would not be necessary. Therefore, Welch did not fail to provide the evidence because of a lack of effort or fault on her part. Instead, Welch attempted to work through the proper channels to obtain the evidence and testified to her desire to add the evidence to the record. Yet, she was denied the opportunity to add the evidence to the record during her appeals and has now been denied the opportunity by the majority's decision. For these reasons, I must respectfully dissent from the majority's decision.

*Shatarra N. Welch*, pro se appellant.
*Phyllis Edwards*, for appellee.