Cite as 2021 Ark. App. 213

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-20-325

| | |
|---|---|
| DOUGLAS VAN VENROOIJ<br>APPELLANT<br><br>V.<br><br>DIRECTOR, DIVISION OF<br>WORKFORCE SERVICES<br>APPELLEE | **Opinion Delivered** May 5, 2021<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2020-BR-01348]<br><br><br>REVERSED AND REMANDED |

## N. MARK KLAPPENBACH, Judge

Douglas van Venrooij appeals a decision of the Arkansas Board of Review finding that he is liable to repay unemployment benefits plus a statutory penalty. We reverse and remand for further findings.

The Division of Workforce Services issued a "Notice of Fraud Overpayment Determination" on July 8, 2020, finding that appellant was liable to repay $2049 in benefits plus a statutory penalty pursuant to Arkansas Code Annotated section 11-10-532(a) (Supp. 2019). Appellant appealed this decision to the Arkansas Appeal Tribunal, which conducted a hearing and affirmed the Division's determination. The Appeal Tribunal decision states that the issue was whether appellant had received benefits to which he was not entitled as a result of making a false statement or misrepresentation of a material fact knowing it to be false or knowingly failing to disclose a material fact and, if so, whether under section 11-10-532(a) he must repay the benefits. Appellant provided the only testimony at the hearing

and explained why he indicated in his claim for unemployment benefits that he had been laid off from work. The Tribunal decision states that appellant's employer "indicated in record documents that [appellant] quit." The Tribunal concluded that appellant had made a false statement by claiming that he had been laid off when, in fact, he quit. Accordingly, the Tribunal found that he had received benefits to which he was not entitled that were obtained by fraud and that he must repay the benefits. Appellant appealed to the Board of Review, which adopted the decision of the Appeal Tribunal.

On appeal, we review the findings of the Board in the light most favorable to the prevailing party, reversing only when the Board's findings are not supported by substantial evidence. *Welch v. Dir.*, 2019 Ark. App. 498, 588 S.W.3d 787. Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence on which the Board might have reached a different decision, the scope of our judicial review is limited to a determination of whether the Board could reasonably reach its decision on the evidence before it. *Id.* Credibility of the witnesses and weight to be afforded their testimony are matters for the Board to determine. *Id.*

Despite the Tribunal's finding, there are no documents in the record from appellant's employer stating that appellant had quit. Accordingly, there was no evidence to rebut appellant's testimony that his employer's offer of further employment had not yet been made during the three weeks he claimed benefits for being laid off; thus, he did not knowingly make a false statement. The record does contain, however, a "Notice of Agency Determination" dated June 1, 2020, which provides that appellant was disqualified from receiving benefits for willfully making a false statement or misrepresenting a material fact.

2

The record and decisions do not indicate whether this decision was appealed or if it was final, such that the finding of fraud was not properly before the Tribunal and the Board in the current appeal. *See Hunt v. Dir.*, 57 Ark. App. 152, 942 S.W.2d 873 (1997) (holding that the appeal was confined only to the issue of whether a fraud overpayment was due because the finding of fraud had not been timely appealed). Because we are unable to determine the facts that may support the Board's decision, we reverse and remand for the Board to make further findings.

Reversed and remanded.

WHITEAKER and VAUGHT, JJ., agree.

*Douglas Van Venrooij*, pro se appellant.

*Cynthia Uhrynowycz*, Associate General Counsel, for appellee.