Cite as 2022 Ark. App. 227

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-21-226

| | | |
|---|---|---|
| ALICIA ERIVES | | Opinion Delivered May 11, 2022 |
| | APPELLANT | |
| V. | | APPEAL FROM THE ARKANSAS BOARD OF REVIEW [NO. 2020-BR-00081] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | | |
| | APPELLEE | AFFRIMED |

### MIKE MURPHY, Judge

This is a companion case to *Alicia Erives v. Director*, 2022 Ark. App. 226, also handed down today. The cases concern the same appellant but different unemployment claims. Here, Erives again appeals the decision of the Board of Review (Board) affirming the Appeal Tribunal's (Tribunal's) finding that she filed an untimely appeal due to circumstances that were not beyond her control. We affirm.

As the Board's decision states, the procedural history of this case is "initially confusing," and "it is highly likely that this decision is not what she intended to appeal." For the purpose of background information, Erives worked for Hello Wellness from October 14 to December 6, 2019. She filed for unemployment benefits on January 17, 2020, and was initially approved for benefits. On March 16, 2020, Hello Wellness appealed to the Tribunal

(case No. 2020-AT-01649), and a hearing was conducted on March 31. Finding in favor of Hello Wellness, the Tribunal mailed its decision letter to reverse and deny Erives's award of benefits on April 1. Thereafter, Erives filed an untimely appeal to the Board (case No. 2020-BR-01289) on September 10—the same day she appealed to the Tribunal in the overpayment companion case. According to the Board's decision in this record, Erives was afforded a telephone hearing on October 5 to establish whether the late filing of the appeal was the result of circumstances beyond her control. The decision notes that Erives testified that she was unaware of the Tribunal's hearing until she received the notice of overpayment in court of appeals case No. E-21-222, the companion case. On October 9, the Board mailed its decision dismissing the appeal as untimely. Erives never appealed to our court, so this denial of benefits stands.[1]

The confusion stems from Erives's filing an appeal to the Board on December 30, 2020 (case No. 2021-BR-00081), the same day she appealed to the Board in the companion case (case No. 2021-BR-00071). Using the Tribunal petition form rather than a Board form, Erives submitted the same petition form to appeal to the Board in the overpayment companion case. The petition stated she was appealing "non-fraud overpayment and late appeal." The Board conducted a hearing for case No. 2021-BR-00081 on March 3, 2021, pursuant to *Paulino v. Daniels*, 269 Ark. 676, 559 S.W.2d 760 (Ark. Ct. App. 1980), to afford

---

[1]Arkansas Code Annotated § 11-10-529(a)(I)(A) (Supp. 2021) requires that a petition for review of a decision of the Board must be filed with the Arkansas Court of Appeals within thirty calendar days from the date the decision is mailed to the claimant.

her the opportunity to show why her untimely appeal was due to circumstances beyond her control.

With no explanation provided in the record, the case was docketed as an appeal from an unemployment case Erives had in 2013. According to this record, Erives worked for Collins Chiropractic from July 19 to July 24, 2013. She claimed she was laid off and filed for unemployment. The notice of appeal determination was mailed in August 2013 disqualifying her from benefits. She appealed to the Tribunal on September 6, 2013 (case No. 2013-AT-12229). The Tribunal found that she was denied unemployment because she quit and made willful false statements. This decision was mailed to her on September 30, 2013, and nothing further happened until this present case. According to the transcript, the docketing of the appeal as the 2013 case created confusion for both Erives and the Board's attorney at the hearing. Erives's testimony mirrored her testimony in the companion case.

The Board scheduled a second hearing for March 24, 2021, to obtain additional information, but Erives did not answer the phone to appear at the hearing. Thereafter, the Board mailed its decision on March 31, 2021, to dismiss the appeal finding it untimely. The decision references the 2020-BR-01289 unemployment claim that likely resulted in the overpayment companion case. As the decision explains, Erives already appealed to the Tribunal and the Board in that case, so if she was trying to pursue that issue, she should have appealed it to the court of appeals because the Board cannot hear the same case again.

On appeal, Erives argues there is not substantial evidence in the record to support the Board's findings. Erives concedes that she did not intend to appeal and litigate the

3

unemployment case from 2013. However, her petition for review before this court in this docket asks for review of the Board's order in case No. 2021-BR-00081—which dealt with the 2013 matter—not case No. 2020-BR-01289. Erives had the opportunity on March 24 for a second hearing with the Board to potentially set the record straight, but she did not appear.

In light of the record presented to us, Erives was afforded due process, and we must affirm the dismissal for lack of jurisdiction.

Affirmed.

VIRDEN and WHITEAKER, JJ., agree.

*Miller, Butler, Schneider, Pawlik & Rozzell, PLLC*, by: *George M. Rozzell IV*, for appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.