Cite as 2022 Ark. App. 226

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-21-222

| | | |
|---|---|---|
| ALICIA ERIVES | | Opinion Delivered May 11, 2022 |
| | APPELLANT | |
| V. | | APPEAL FROM THE ARKANSAS BOARD OF REVIEW [NO. 2021-BR-00071] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | | |
| | APPELLEE | AFFRIMED |

**MIKE MURPHY, Judge**

Appellant Alicia Erives appeals the ruling of the Board of Review (Board) affirming the Appeal Tribunal's (Tribunal's) finding that she filed an untimely appeal that was not due to circumstances beyond her control and that she must repay unemployment benefits. Erives argues that the Board's decision is not supported by substantial evidence. We affirm.

On August 14, 2020, the Division of Workforce Services (Agency) issued a "Notice of Nonfraud Overpayment Determination" to Erives, finding that she must repay $13,970 in unemployment benefits. The determination letter stated that she had twenty days to file an appeal, thus making the last day to file a timely appeal September 3, 2020. She thereafter filed an untimely appeal of this determination to the Tribunal on September 10, 2020 (case No. 2020-AT-11649). Pursuant to *Paulino v. Daniels*, 269 Ark. 676, 559 S.W.2d 760 (Ark.

Ct. App. 1980), the Tribunal set the matter for a hearing on December 16 to determine whether the untimeliness was beyond Erives's control.

At the hearing, Erives testified that she did not remember the date she received her letter determination. When asked why she did not file the appeal within twenty days as the determination letter instructed, Erives testified that, according to the postmaster, her mail was running behind due to COVID-19. Additionally, she testified that when she received the letter, she did not have an application for an appeal so she tried to contact the Agency to get the form, but she struggled getting ahold of someone for weeks. Erives said once someone got back to her, she faxed in the appeal. She testified that she had copies of her emails to the Agency. The hearing officer asked why she did not just write out the appeal without a written form like the determination letter said was allowed. Erives responded she did, but she never got a reply. She stated that she had a picture somewhere in her phone to prove it. At the end of the hearing, Erives asked if she could email or mail in her own evidence and information, but the hearing officer informed her that the instructions on the appeal sheet stated that all the documentation must have been submitted prior to the hearing. The Tribunal dismissed her appeal, finding that the untimely filing was not due to circumstances beyond her control. The Tribunal mailed this decision to her on December 17, 2020.

On December 30, Erives filed a timely appeal of this decision to the Board (case No. 2021-BR-00071). Without conducting a hearing, the Board affirmed the decision of the Tribunal. The decision stated that "the record reflects a reasonable opportunity, at the

2

hearing before the Appeal Tribunal for the presentation of evidence." Specifically, the Board found

> The claimant received the determination, but does not recall reading the appeal rights paragraph. She also could not recall when she received it, but mentioned that her mail had been running late. She expressed that she did not have an appeal form, so she contacted the local office to request one. As soon as one was sent, she completed it and sent it in. She testified that she was unaware that it was late. The Board notes that the claimant supplied copies of text messages between herself and the Division with her appeal to the Board. Those messages were dated September 9 and September 10, 2020. The last day to file a timely appeal was September 3, 2020. The claimant has not shown circumstances beyond her control for the delay in filing the appeal. Therefore, the Board affirms the Tribunal's decision to dismiss the appeal.

Erives timely appealed the Board's decision. The sole issue on appeal is whether the Board erred in affirming the determination that the untimely filing was not due to circumstances beyond Erives control.

The findings of fact by the Board are conclusive if they are supported by substantial evidence. *Worden v. Dir.*, 2013 Ark. App. 579, at 2. Substantial evidence is evidence such that a reasonable mind might accept as adequate to support a conclusion. *Id.* Our review is limited to a determination of whether the Board could reasonably reach its decision on the evidence before it. *Id.* We review evidence and all reasonable inferences in the light most favorable to the Board's findings. *Id.* Even when there is evidence on which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

To appeal the Agency determination, a claimant must file a written notice of appeal with the Tribunal within twenty calendar days of the mailing date of the determination. Ark.

3

Code Ann. § 11-10-524(a)(1) (Supp. 2021). If the appeal is not filed within the statutory time period, the appeal may still be considered timely if the late filing was the result of circumstances beyond appellant's control. Ark. Code Ann. § 11-10-524(a)(2).

Erives contends that while the appeal was admittedly filed late, the Board found the filing was late without any meaningful analysis. Specifically, Erives argues that the Board failed to analyze the following evidence: Erives's testimony that she had spoken with the postmaster about her mail running late and was informed it was due to the COVID-19 pandemic; she sent a letter to the Tribunal, which was not documented in the file or otherwise noted; and she had been trying to contact the Agency's office without being able to reach anyone.

Erives testified, "Due to COVID, mail was running behind, my postmaster said, on my road." Erives failed to provide any further support to this testimony. The credibility of Erives and the weight accorded to her testimony is a matter to be resolved by the Board. *Johnson v. Dir.*, 84 Ark. App. 349, 141 S.W.3d 1 (2004). Erives's self-serving testimony that she timely sent a letter to the Tribunal was not supported by the record. While Erives did have proof of email contact with the Agency, the communication occurred roughly a week after the time for appeal had expired.

Overall, this is a fact-intensive inquiry driven in large part by credibility determinations. *Price v. Dir.*, 2011 Ark. App. 100, at 5. The burden of proof that circumstances beyond her control prevented her from timely filing an appeal was on Erives, and she failed to provide anything but self-serving testimony and proof of communication

4

that occurred after the time to file had expired. Because substantial evidence supports the Board's decision, we affirm the dismissal for lack of jurisdiction. Thus, the Board's determination is affirmed, and the appeal is dismissed.

Affirmed.

VIRDEN and WHITEAKER, JJ., agree.

*Miller, Butler, Schneider, Pawlik & Rozzell, PLLC,* by: *George M. Rozzell IV,* for appellant.

*Cynthia L. Uhrynowycz,* Associate General Counsel, for appellee.