Cite as 2022 Ark. App. 433

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-21-582

| | |
|---|---|
| JAMES TANKSLEY | Opinion Delivered October 26, 2022 |
| APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | [NO. 2021-BR-02511] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES | REMANDED TO SUPPLEMENT THE RECORD |
| APPELLEE | |

## WAYMOND M. BROWN, Judge

Appellant James Tanksley (Tanksley) appeals from the adverse ruling of the Arkansas Board of Review (Board) affirming the Arkansas Appeal Tribunal's (Tribunal) decision in appeal No. 2022-AT-01264, finding him liable to repay $19,140 in benefits. We remand to supplement the record.

A brief review of the facts reflects that Tanksley separated from his last employment on April 17, 2020. On April 20, 2020, Tanksley filed for unemployment benefits and reported that he was laid off due to a lack of work. As a result, Tanksley received benefits from April 25, through October 3, 2020, and received a total of $19, 140 in benefits.

After a review of Tanksley's claim, he was issued a "Notice of Fraud Overpayment Determination" on April 6, 2021, finding that he was liable to repay the $19,140 in benefits pursuant to Ark. Code Ann. §11-10-532(a)(Supp. 2021). Tanksley filed a timely appeal of

this determination to the Tribunal, which conducted a hearing on June 3, 2021. From that hearing, the Tribunal affirmed the Division's determination in appeal No. 2021-AT-08691. Tanksley timely appealed from that determination to the Board. The Board, in appeal No. 2021-BR-02511, affirmed the Tribunal's decision. From there, Tanksley appealed to the Arkansas Court of Appeals in case No. E-21-582. However, the court of appeals remanded the case to the appeal Tribunal due to the failure to locate the recording of the June 3 hearing. The remand was docketed as 2022-AT-01264.

According to the record, the June 3 hearing transcript was never located. Thus, a rehearing was conducted on February 16, 2022, to supplement the record. Thereafter, the Tribunal again affirmed the Division's determination in appeal No. 2022-AT-01264 and set aside its previous decision in appeal No. 2021-AT-08691.  Following a timely appeal, the Board again affirmed the Tribunal's decisions. And from this determination, Tanksley timely appealed to this court.

However, once more, we are unable to reach the merits of this appeal and must remand to supplement the record. Our record contains a decision from the Board that indicates the wrong decision from the Tribunal, which was previously set aside.  Additionally, the Board's decision is not supported by testimony given at the February 16, 2022, rehearing. From what we can gather, the Board resubmitted its decision from the June 3 hearing which was never located, and is not within the record before us. The Board stated in its decision that it had "considered the entire record of prior proceedings before the Appeal Tribunal, including the testimony submitted at the hearing." However, the Board's decision is not

2

supported by the record. A proper determination must be made from evidence within the record. This information is essential to a proper review of whether the benefits at issue need to be repaid.[1] Therefore, we cannot reach the merits of Tanksley's claim at this time.

Accordingly, we remand to the Board with specific instructions to settle and supplement the record with a finding supported by evidence within the record, taking into account the February 16 rehearing. The supplemental record is to be returned thirty days of this order.

Remanded to supplement the record.

VAUGHT and MURPHY, JJ., agree.

*James Tanksley*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.

---

[1] *See Van Venrooij v. Dir.*, 2021 Ark. App. 213; *Spicer v. Dir.*, 2022 Ark. App. 152, at 2.