Cite as 2023 Ark. App. 47

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. E-22-121

| | |
|---|---|
| AMBER HELMS <br><br> APPELLANT <br><br> V. <br><br><br> DIRECTOR, DEPARTMENT OF <br> WORKFORCE SERVICES <br><br> APPELLEE | Opinion Delivered February 8, 2023 <br><br> APPEAL FROM THE ARKANSAS <br> BOARD OF REVIEW <br> [NO. 2021-BR-01782] <br><br><br><br> AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Amber Helms appeals the Board of Review's (Board's) decision affirming the Appeal Tribunal decision that she was liable for repayment of unemployment benefits she received to which she was not entitled under Arkansas Code Annotated section 11-10-532(a) (Supp. 2021) because she intentionally misrepresented material facts known to her to be false or knowingly failed to disclose material facts. On appeal, Helms argues that there is insufficient evidence to support the Board's decision. We affirm.

On appeal of an unemployment-compensation case, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Jones v. Dir.*, 2019 Ark. App. 341, 581 S.W.3d 516. Those findings are conclusive if supported by substantial evidence, which is evidence a reasonable mind might accept as adequate to support a conclusion. *Id.* This court's appellate review is limited to determining

whether the Board could reasonably reach its decision on the basis of the evidence before it, even if there is evidence on which it might have reached a different decision. *Higgins v. Dir.*, 2016 Ark. App. 449, 503 S.W.3d 833. This court may not substitute its findings for the Board's findings, even though it might have reached a different conclusion had it made an original determination on the same evidence. *Id.*

The Division of Workforce Services found Helms was not entitled to benefits because she had voluntarily quit her job without good cause; in a separate decision, the Division of Workforce Services determined Helms had willfully made false statements or misrepresentations of a material fact or had failed to disclose a material fact when filing a continued claim, resulting in a disqualification from receiving benefits. Helms timely appealed these adverse determinations to the Appeal Tribunal, and a telephone hearing was held for both appeals on October 9, 2020. Two separate decisions resulting from the October 9 hearing were mailed to Helms on October 10. In appeal No. 2020-AT-08250, the hearing officer affirmed the finding that Helms voluntarily quit her job on May 11, 2020, when she declined an offer of work, stating, "I could draw more on UI." In appeal No. 2020-AT-08252, the hearing officer affirmed the finding that Helms had willfully made a false statement or misrepresentation of a material fact or had willfully failed to disclose a material fact when filing a continued claim by failing to report earnings paid to her and by failing to report that she had voluntarily separated from her job. Helms did not appeal these Appeal Tribunal decisions to the Board.

On October 26, 2020, the Division of Workforce Services issued a notice of fraud overpayment determination that Helms was liable to repay $6547 in benefits as well as an additional $1473.50 fraud penalty, for a total of $8020.50, because she received benefits to which she was not entitled as a result of intentionally misrepresenting material facts knowing them to be false or knowingly failing to disclose material facts. Helms timely appealed this overpayment decision to the Appeal Tribunal; after a telephone hearing on the issue, the Appeal Tribunal affirmed Helms's liability for repayment in appeal No. 2020-AT-17558. Helms appealed the Appeal Tribunal's decision to the Board, which affirmed her liability to repay the benefits she received as a result of fraud overpayment.

Helms filed a timely notice of appeal to this court from the Board's determination that she is liable to repay $6547 in benefits as well as an additional $1473.50 fraud penalty, for a total of $8020.50, because she received benefits to which she was not entitled as a result of intentionally misrepresenting material facts knowing them to be false or knowingly failing to disclose material facts. In the present appeal, Helms admits that she had voluntarily quit her work, but she argues that there was no substantial evidence to support the conclusion that she received benefits to which she was not entitled that would rise to the level of fraud that would justify requiring her to repay unemployment benefits to which she claims she was entitled. This argument is an attempt to relitigate the issues that were determined in appeal Nos. 2020-AT-08250 and 2020-AT-08252. However, those rulings were not appealed; therefore, those decisions remain in force.

The sole issue before us in the present appeal is whether Helms is liable for repayment of benefits; the fraud determination is not properly before us. *Hunt v. Dir.*, 57 Ark. App. 152, 942 S.W.2d 873 (1997). Helms makes no argument on appeal that the amount of repayment is incorrect; she argues only that she did not commit fraud. Under Arkansas Code Annotated section 11-10-519(a)(3)(B)(i) (Supp. 2021), a person who is disqualified from receiving benefits for willfully making a false statement or misrepresentation of a material fact or willfully failing to disclose a material fact "shall be liable for repayment of any benefits determined to have been collected fraudulently, as well as any other penalties, interest, and costs assessed as a result of the fraudulent activity." Because a determination of willful misrepresentation of material facts was made against Helms and not appealed, that determination remains in effect, and Helms is liable for repayment of benefits she received as a result of that misrepresentation.

Affirmed.

KLAPPENBACH and MURPHY, JJ., agree.

*J. Michael Helms*, for appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.