Cite as 2024 Ark. App. 157

# ARKANSAS COURT OF APPEALS

DIVISION I
No. E-22-612

| | | |
|---|---|---|
| DARREN WILLIAMS | | Opinion Delivered February 28, 2024 |
| | APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | | [NO. 2022-BR-01027] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES | | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |
| | APPELLEE | |

## WAYMOND M. BROWN, Judge

Appellant, Darren Williams (Williams), appeals an adverse ruling of the Board of Review (Board) affirming an Appeal Tribunal (Tribunal) determination denying him unemployment benefits. Due to deficiencies in the record, we remand to settle and supplement the record.

In this unbriefed unemployment case, Williams was issued a notice of agency determination on March 3, 2022, denying him benefits under Ark. Code Ann. § 11-10-514 (Supp. 2023) on finding that Williams was discharged from last work for misconduct connected with the work. In response, Williams filed a timely appeal of this determination to the Appeal Tribunal, which conducted a hearing on March 23, 2022, and affirmed the Division's determination denying Williams benefits in appeal No. 2022-AT-01938. Williams

timely appealed to the Board from the decision of the Tribunal. The Board, in appeal No. 2022-BR-01027, adopted and affirmed the Tribunal's decision.

According to the record, Williams worked as an associate machine operator at Denso MFG AR (the employer) for over four years and four months from April 2017 to August 27, 2021.[1] He was advised about the written attendance policy with an occurrence and point system. The policy was no-fault on a rolling twelve-month period and specified 12 points to be recommended for discharge. According to testimony, Williams accrued 20.5 points due to health issues. After attending an internal hearing regarding his absenteeism, he was let go.

Before this court, Williams ostensibly contends that his absenteeism was due to health reasons, however, such reasons do not matter under a no-fault policy. As a result, Williams was discharged from employment due to excessive absenteeism, which was a violation of the written attendance policy and against the employers' interest.

Although we agree with the Board's findings of fact and conclusions of law, we do not reach the merits of this appeal and instead order rebriefing due to deficiencies within the record. From our review, page 7 within the record is a copy of appeal No. 2022-AT-01939, which is not associated with the current appeal. While it does not appear that such documentation was relied on to reach a determination, to eliminate any room for error, we remand to settle and supplement the record. A correct record is essential to a proper review

---

[1]Williams's effective end date was 09/14/21.

of the pending issues.[2] In the event of a material omission or misstatement, we may sua sponte direct the record to be settled.[3] As such, this case is remanded to the Board to settle and supplement the record to remedy any deficiencies. The supplemental record shall be returned within thirty days of this order.[4]

Remanded to settle and supplement the record.

KLAPPENBACH and HIXSON, JJ., agree.

*Darren Williams*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.

---

[2] *See Van Venrooij v. Dir.*, 2021 Ark. App. 213.

[3] *Abbott v. Dir.*, 2015 Ark. App. 221.

[4] *Nance v. Dir.*, 2023 Ark. App. 187, at 2.